Sutphen v. Therkelson.

JOHN S. SUTPHEN et al., executors,

*v.*

LES P. THERKELSON.

A hotel was erected in 1873 on one of two adjoining lots then owned by one Allen, with several windows on the easterly side thereof, which were and are absolutely essential to the beneficial enjoyment of the property as a hotel. In 1875 the hotel and lot were sold to complainants by Allen's executors. In 1883 the adjoining lot on the east side of the hotel was sold to defendant by Allen's executors, and it then contained only a small building which in nowise interfered with the light and air of the hotel windows. The defendant, being about to erect a building on his lot which would entirely destroy the complainants' right to light and air through the windows on the easterly side of the hotel—*Held,* that he should be enjoined from erecting such building.

Bill for injunction.    On final hearing on bill and answer and stipulation of counsel.

*Mr. John Linn,* for complainants.

*Mr. R. Adrain,* for defendant.

NOTE.—Besides the cases cited by the chancellor, the following sustain his position: *Robins* v. *Barnes, Hob. 131; Glove* v. *Harding, 27 L. J. (Exch.) 286; Palmer* v. *Paul, 2 L. J. (Ch.) 154; Robinson* v. *Grave, 27 L. T. (N. S.) 648; Barnes* v. *Loach, L. R. (4 Q. B. D.) 494; Russell* v. *Watts, 47 L. T. (N. S.) 245; Bushnell* v. *Proprietors, 31 Conn. 158; White* v. *Bradley, 66 Me. 263; Story* v. *Odin, 12 Mass. 157; Durel* v. *Boisblanc, 1 La. Ann. 407; Lavillebeuvre* v. *Cosgrove, 13 La. Ann. 323; Cherry* v. *Stein, 11 Md. 1; Jones* v. *Jenkins, 34 Md. 1; Mitchell* v. *Seipel, 53 Md. 265; Havens* v. *Klein, 51 How. Pr. 82; Lampman* v. *Milks, 21 N. Y. 513; Hubbard* v. *Town, 33 Vt. 295; Berkeley* v. *Smith, 27 Gratt. 892; United States* v. *Appleton, 1 Sumner 492; 1 Add. on Torts (Am. ed.) 113; Gerber* v. *Grabel, 16 Ill. 224.*

CONTRA: *Ray* v. *Sweeney, 14 Bush 1; Morrison* v. *Marquardt, 24 Iowa 35; Keiper* v. *Klein, 51 Ind. 316; Collier* v. *Pierce, 7 Gray 18; Keats* v. *Hugo, 115 Mass. 204; Shipman* v. *Beers, 2 Abb. N. C. 435; Parker* v. *Foote, 19 Wend. 309; Mullen* v. *Stricker, 19 Ohio St. 135; Maynard* v. *Esher, 17 Pa. St. 222; Haverstick* v. *Sipe, 33 Pa. St. 368; Rennyson's Appeal, 94 Pa. St. 147;* see

The Chancellor.

This suit is brought to restrain the defendant from erecting a building on his lot which will exclude the light and air from the windows of the complainants' hotel building, which is on the adjoining lot. The premises are in the city of Perth Amboy. The lights in question are not ancient ones. The complainants' building was built in or about 1873. The ground on which the complainants' claim protection is, that the executor and executrix of James Allen, deceased, to whose estate both lots then belonged, having power to sell and convey, in 1875 sold and conveyed the hotel property to the complainant's testator, Leonard Appleby, now deceased; the hotel then being thereon and having on the side (the easterly side) next to the lot since conveyed by Allen's executor and executrix to the defendant several windows which were and are absolutely essential to the beneficial enjoyment of the hotel property, the building on which was erected for and always has been and still is used as a hotel. Subsequently, and in 1883 (about ten years afterwards), Allen's executor and executrix sold and conveyed the adjoining lot to the defendant, Les P. Therkelson. At that time there was on the latter lot only a small building, which in no way obstructed or interfered with the light of the hotel windows. The complainants' land was part of a large lot owned by Allen,

Biddle v. Ash, 2 Ashm. (Pa.) 222; Hays v. Askew, 7 Jones 272; Blanchard v. Bridges, 5 Nev. & M. 576, 4 Ad. & El. 176; Corbett v. Hill, L. R. (9 Eq.) 671; Allen v. Seckham, L. R. (11 Ch. Div.) 790.

In some states the easement will not be recognized as existing, unless the light be absolutely necessary and indispensable to the grantee, Turner v. Thompson, 58 Ga. 268; Powell v. Sims, 5 W. Va. 1; see Goodall v. Godfrey, 53 Vt. 219; Greene v. N. Y. Central R. R. Co., 12 Abb. N. C. 124; Jackson v. Duke of Newcastle, 3 De G., J. & S. 275; Warren v. Blake, 54 Me. 276; Fifty Associates v. Tudor, 6 Gray 255.

After a demise of a house the landlord cannot obstruct its windows by building on his adjoining lands, Cox v. Matthews, Hob. 237; Blunt v. McCormick, 3 Denio 283; see Radcliffe v. Duke of Portland, 3 Giff. 702; Booth v. Alcock, L. R. (8 Ch. App.) 663; Palmer v. Wetmore, 2 Sandf. 316; Royce v. Guggenheim, 106 Mass. 201; Myers v. Gemmel, 10 Barb. 537; Holmes v. Stockton, 2 Dutch. 93, 96; nor can the tenant obstruct the landlord's windows, Riviere v. Bower, Ry. & Moo. 24; see Atkins v. Chilson, 7 Metc. 398; Pierre v.

and was conveyed to Appleby by a special description. The defendant's was conveyed to him by a description of a quadrangular lot of the dimensions of one and a half chains by two chains (in which part of the complainants' lot was originally included), excepting therefrom the land conveyed to the complainants' testator. The defendant has pulled down the building on his lot and is about to build another of greater size and height, which will, if erected, wholly exclude the light from, as he admits, six of the hotel windows and partially exclude it from the other four, but they are in an addition to the hotel built after the sale and conveyance to Appleby. The bill alleges that the building will exclude the light from the whole of the windows. The complainants' are the owners of the hotel property in trust under the will of Mr. Appleby, who died seized of it. The sole controversy between the parties is as to the right of the defendant to darken the windows with his proposed building. He insists that unless he be permitted to build on his lot in such way as will obstruct the hotel windows, his lot will be of no value to him.

The defendant had notice not only from the records but from his deed itself, that there had been a previous conveyance by the same grantors to Mr. Appleby of the hotel lot adjoining his. As before stated, his deed conveys to him the quadrangular tract,

---

*Fernald, 26 Me. 436;* nor can a tenant obstruct the windows of an adjoining owner who claims under the same grantor as his landlord, *Compton* v. *Richards, 1 Price 27.*

So, where there are two houses demised by the same owner, one tenant cannot obstruct the windows in the house of the other tenant, *Coutts* v. *Gorham, Moo. & Malk. 396; Davies* v. *Marshall, 1 Dr. & Sm. 557; Brummell* v. *Wharin, 12 Grant's Ch. 283; Longmaid* v. *McNichol, 3 Allen (N. B.) 497; Warner* v. *McBryde, 36 L. T. (N. S.) 360; Doyle* v. *Lord, 64 N. Y. 432;* see *Frewen* v. *Philipps, 11 C. B. (N. S.) 449; Jacomb* v. *Knight, 3 De G., J. & S. 533; Potts* v. *Smith, L. R. (6 Eq.) 311.*

Upon a general conveyance of lands there is no implied grant, by the purchaser, of the easement of light necessary for the enjoyment of an adjacent house of the vendor, *White* v. *Bass, 7 H. & N. 722; Ellis* v. *Manchester Co., L. R. (2 C. P. D.) 13; Curriers Co.* v. *Corbett, 2 Dr. & Sm. 360; Wheeldon* v. *Burrows, L. R. (12 Ch. Div.) 31;* see, also, *6 Alb. L. J. 234; 17 Am. Law Reg. (N. S.) 440; 22 Am. Law Reg. (N. S.) 402.*—Rep.

Sutphen v. Therkelson.

excepting thereout the part of it previously conveyed to Mr. Appleby. It states also the date of the deed to the latter and where it is recorded, and the fact that it was given by the defendant's grantors. The six windows were, at the time when the defendant purchased, in the hotel building, and they had been there for ten years. The easement of light now in controversy was, if it existed, an apparent and continuous one. There can be no question that by the common law as it stood at the time of the adoption of the first constitution of this state, where one who is the owner of two adjoining lots of land, on one of which is a house with an apparent and continuous right of light and air through windows therein, over the other lot, conveys away the former lot, retaining the latter, there is, in the absence of any express provision to the contrary, an implied grant by him of the right to the light and air which have been enjoyed through the windows over the other property, and he cannot derogate from his own grant, by building on such other property so as to obstruct or materially interfere with the enjoyment of light and air through those windows. Neither can his grantee. In *Palmer* v. *Fletcher, 1 Lev. 122,* decided in 1675, where a man erected a house on his own land and afterwards sold it to one person, and the land adjoining to another person, who, by putting timber on his land, obstructed the lights of the house, it was held by all the judges that if the land on which the house was had been sold first the owner of the other land could not obstruct the lights, and that it would make no difference if the house was a new and not an old one and the lights not ancient. See, also, *Rosewell* v. *Pryor, 6 Mod. 116,* and *Tenant* v. *Goldwin, 2 Ld. Raym. 1089, 1093.* And such has continued to be the common law of England ever since *Swansborough* v. *Coventry, 9 Bing. 305 ; Riviere* v. *Bower, 1 Ry. & M. 24; Wheeldon* v. *Burrows, L. R. (12 Ch. Div.) 31, 58 ; Allen* v. *Taylor, L. R. (16 Ch. Div.) 355.* And this doctrine has frequently been recognized in this state and in this court. In *Robeson* v. *Pittenger, 1 Gr. Ch. 57 (1838),* an injunction was granted restraining the defendant from building on his lot in such way as to obstruct the light of the windows in the house on the adjoining property. Chancellor

21

Sutphen *v.* Therkelson.

Pennington, in a very carefully considered opinion, denied a motion to dissolve the injunction. He said that as a general rule, in a case of ancient lights, where they have existed for upwards of twenty years undisturbed, the owner of the adjoining lot has no right to obstruct them, and particularly so if the adjoining lot was owned by the man who built the house and subsequently sold it and kept the lot. He speaks of the lights in that case as ancient lights, and says they had continued uninterrupted for thirty-five years, but in fact the premises, both lots, called in the report numbers 9 and 10, were owned from 1797 to 1806 by Benjamin Sexton, who in 1802 erected a dwelling-house on No. 10, where he continued to reside until his death. The house was built up to the line of No. 9 and had windows thereon. He died intestate, and both lots descended to his children, who continued seized of them until 1828, when two of them joined in a conveyance of No. 9 to Thomas P. Sexton, also an heir. At that time there was no building on that lot, but a shop which stood back from the street, the front of it eighteen feet from the nearest corner of the dwelling-house. The complainants held No. 10 under a subsequent conveyance made in 1829 by the heirs of Benjamin Sexton. The defendant claimed under the deed to Thomas P. Sexton. The principle was applied in that case, it will be seen, in favor of the owners of the land last sold. It was subsequently recognized and applied by Chancellor Williamson in 1852, in *Brakeley* v. *Sharp, 1 Stock. 9*, and in 1854, *S. C., 2 Stock. 206*, and by Chancellor Green in 1861, in *Seymour* v. *Lewis, 2 Beas. 439*, and by Chancellor Zabriskie in 1867, in *Fetters* v. *Humphreys, 3 C. E. Gr. 260*, and it was also recognized in this court, in 1874, in *De Luze* v. *Bradbury, 10 C. E. Gr. 70*, and, in 1879, in *Hayden* v. *Dutcher, 4 Stew. Eq. 217*. It is urged, however, that in some other states, notably in Massachusetts, New York and Pennsylvania, the doctrine no longer prevails, and that it is not adapted to the growth of a new country, and therefore ought no longer to be adhered to in this state. And it is also urged that the adjudications of this court in *King* v. *Miller, 4 Hal. Ch. 559*, decided by Chancellor Halsted in 1851, and *Hayden* v. *Dutcher, 4 Stew. Eq. 217*, decided by Vice-Chancellor Van

Sutphen *v.* Therkelson.

Fleet in 1879, are not in conformity with the English common law doctrine on the point under consideration. But that is an error. In neither case was the question now before me discussed or decided. All that is held in either of those cases is that an easement of light and air supplied to the windows of one person from the premises of another, cannot be acquired in this state by a mere user for twenty years or more under a claim of right. The doctrine which is to govern this case rests not on user but on an implication of grant or covenant, and on the principle that a man cannot be permitted to derogate from his own grant. To the suggestion always made in cases of this kind in opposition to the application of the doctrine in reference to city, town or village property, that the enforcement of the principle will greatly impair and perhaps practically wholly destroy the value of the defendant's lot, it is enough to say that the law demands the application, and it is therefore the right of the complainant to have it made. But it may be added that it is quite manifest that on the other hand a refusal to apply the doctrine may, as it would in this case, work great hardship and injury to the complainant, greatly impairing the value of his property and leaving him entirely without redress, for if he has no right here he has none at law. It is a complete and absolute answer to the decisions of other states on this head to say that by the first constitution of this state, which was adopted in 1776, it was provided that the common law of England, except such parts as were repugnant to the rights and privileges contained in that charter, should still remain in force until altered by law of the legislature of this state. It is not the province of this court to change the common law. That belongs to the legislature. There is, indeed, a contrariety of adjudication in the states on this subject, but Mr. Washburne, in his work on Easements and Servitudes, sums up a review of the matter by saying that so far as the weight of authority both English and American goes, it would seem that if one sell a house, the light necessary for the reasonable enjoyment whereof is derived from and across adjoining land then belonging to the same owner, the easement of light and air over such vacant lot would pass as incident to the dwelling-house,

because necessary to the enjoyment thereof, but that the law would not carry the doctrine to the securing of such easement as a mere convenience to the granted premises. *Washb. on Easem. 504.* See, also, *Tyler on Bound. 551,* and *Wood on Nuisances* § *155.* In the present case the defendant bought his lot knowing that to build upon it such a building as he proposes would darken the hotel and inflict irreparable injury on that property. The *quasi* easement claimed by the complainants was apparent to him and evidently was continuous. He is chargeable with knowledge that the law would forbid him so to occupy the lot, and would prevent him from doing so. He is without ground of complaint.

There can be no question that if the right exists in this case it is the duty of this court to protect the complainants in the enjoyment of it. The threatened injury is, it is admitted, of an irreparable character. If the defendant be not restrained, he will, against law, by his building, entirely destroy the complainant's right to light and air through the windows of the main building of the hotel property on the easterly side. Such an injury this court will prevent by injunction. *Robeson* v. *Pittenger, ubi supra,* and *Herz* v. *Union Bank of London, 2 Giff. 686.*