SARAH C. GREER et al.

v.

CAROLINE W. VAN METER et al.

1. When a parcel of land held in common is severed into two tracts by quit-claim deeds simultaneously interchanged by the tenants in common, and there is a store on one of the two lots, with a window through which light and air are received across the other lot, such window cannot be closed by the owner of the latter lot if the influx of light and air is reasonably necessary to the beneficial enjoyment of the store.

2. By reason of the apparent and continuous quality of this enjoyment of light and air, the right to enjoy them will, upon severance of the title to the store from the title of the adjoining property, become an appurtenance of the former.

· 3. The maxim "expressio unius est exclusio alterius" excludes only those matters which are so germane to those expressly mentioned as to raise a presumption that the former were in the mind of the parties when the express grant, contract or limitation was executed.

4. A court of equity will enjoin the obstruction of an easement of light and air unless the threatened interference is so slight that it may be compensated by the payment of a small amount of damages.

On bill for injunction.

This bill is filed to enjoin the defendants from closing a window in a building belonging to the complainants.

The complainants own a lot of land in Salem, on the corner of Market street and West Broadway. On it is a building known as the Starr building, entirely covering the surface of the lot. In dimensions the building is fifteen feet in width on Market street, and runs back the same width along West Broadway, a distance of fifty-four feet. The east front of the building is, therefore, fifteen feet on Market street, and the south front is fifty-four feet on West Broadway. Defendants' lot also fronts on Market street, and runs back along complainants' lot the same distance, viz., fifty-four feet. Upon this lot there is also a building, but it does not entirely cover the surface of the plot. In the rear of this lot, and next to complainants' lot,

there is an open quadrangle. Looking out upon this open space there is a window in the wall of complainants' building. It is this window which the defendants propose to entirely close by the extension of the rear portion of their building.

An injunction against this proposed act is asked for upon the ground that the complainants are invested with the right to the influx of air and light through this window; that there is, therefore, imposed upon the adjoining property the burden of keeping unobstructed a space adjoining it sufficient to give access to that quantity of light and air to which the complainants are entitled. This right of the complainants is rested upon the construction of the deed which passed between the predecessors in title and the present parties.

The devolution of title to these lots previous to 1864 is not material to the present inquiry. It is sufficient to say that, in 1864, these two tracts, with others, were held in common by Robert and Richard Greer and Edward Van Meter; the two Greers owning one undivided half interest in the two lots, and Van Meter owning the other undivided half interest.

In 1864, the two properties thus held under one title were voluntarily partitioned by deeds interchanged between the tenants in common. By deed of quit-claim dated September 3d, 1864, Van Meter conveyed to the Greers the lot now owned by the complainants; and by a similar deed, the Greers conveyed to the defendants the lot now owned by them.

It is admitted that at the date when these deeds were interchanged, the window already mentioned, although since altered in some respects, was substantially in size and location as it now is and as it has been maintained for the past thirty years.

*Mr. William T. Hilliard,* for the complainants.

*Mr. Morris H. Stratton,* for the defendants.

REED, V. C.

The question propounded in this case is, whether the complainants are entitled to a perpetual injunction, restraining the

defendants from building against the window of the complainants. The deeds to the predecessors of the present parties, as has been already observed, were cross-conveyances. Both parties to them were grantors and grantees. The unity of estate was severed by an act which transferred the title in portions of the large parcel in severalty at the same moment. This, however, cannot affect the import of these deeds, for, as the law now stands in this state, their effect in respect to the claimed easement would be exactly similar, whether it springs from an implied grant in the one deed, or from an implied reservation in the other. *Blakely* v. *Sharp, 1 Stock. 9 ; S. C., 2 Stock. 207 ; Seymour* v. *Lewis, 2 Beas. 439 ; Central Railroad Co.* v. *Valentine, 5 Dutch. 561 ; Fetters* v. *Humphrey, 3 C. E. Gr. 260 ; Denton* v. *Leddell, 8 C. E. Gr. 64.*

Nor does the fact that the conveyances were simultaneous, and that they were made for the purpose of effecting a voluntary partition of property theretofore held by a single title, change the rule. *Seymour* v. *Lewis, 2 Beas. 439, 444; Kilgour* v. *Ashcom, 5 Harr. & J. 82 ; Blakely* v. *Sharp, supra.*

Now, the presence of a window in use for the purpose of admitting light and air at the time of the conveyances was an apparent easement, as well as an easement which, in its quality, was continuous. But it is not every apparent and continuous use of light and air in a building which will become an appurtenance of such building by reason of a severance of the title to the building from the title to its adjoining property. Such an easement must be reasonably necessary to the beneficial enjoyment of the building in which the windows are placed. *Blakely* v. *Sharp, supra; Hayden* v. *Dutcher, 4 Stew. Eq. 217 ; Toothe* v. *Bryce, 5 Dick. Ch. Rep. 589, 608.*

In ascertaining whether the window was reasonably necessary to the beneficial enjoyment of the complainants' building, the condition of the premises at the time of the severance of the title is the point to be kept in view. Now, as the store was lighted at the time when the deeds were interchanged, this window seems to have been a very useful feature in carrying on the tailoring and clothing business, which was then conducted

Greer *v.* Van Meter.

therein. The store was lighted by windows on Market street, but on the Broadway side there was no window, and the only aperture for the admission of light was a small opening over one of the doors. So, the material reliance for the admission of light at the rear of this room fifty-four feet in length was this window on its north side.

The test of a reasonable convenience I take to be, whether the presence of the window was so useful to the store and the business conducted therein that it is reasonable to assume that its continued presence was in the mind of the parties and influenced the purchaser in arriving at the amount of the consideration paid at the time of the interchange of properties. Applying this test, in my judgment, the presence of this window was a substantial element in the transaction, and the window must be regarded as one reasonably convenient for the use of complainants' property.

But it is claimed by the defendants that if these deeds would have operated to convey to the complainants, as an appurtenant, the right of access of light and air through this window, yet that this right, in this instance, is defeated by a stipulation contained in the deed made by Van Meter to the Greers. This stipulation appears in the following language:

"It is specially understood and agreed between the parties, and this conveyance is made upon the express condition that the eaves of the said Starr Hall building, as well as the projection of the upper wall on the northern side thereof, which are over the line of Edward Van Meter aforesaid, are not to be disturbed or interfered with in any manner by the said Edward Van Meter, his heirs and assigns, whilst the present Starr Hall walls on that side shall remain in the position they are now; but if. at any time hereafter, the Starr Hall building shall be taken down and a new building put up, in that event the wall on the north side next to E. Van Meter's line must go up perpendicularly from the foundation, and no privilege of eaves."

The defendants insist that the effect of this clause is to exclude the Greers and their assigns from all privileges over the Van Meter lot save those privileges expressly granted by this stipulation. In support of this insistence is invoked the maxim " *expressio unius est exclusio alterius.*"

It is claimed that the agreement in regard to the right to still project the walls and eaves of the Starr building over the lot retained by the Van Meters impliedly negatives any grant of any other right, corporeal or incorporeal, over or upon the Van Meter lot. I am unable to yield my assent to this view. The maxim quoted embodies an obvious rule of logic, viz., that when parties have set out specifically the things for which they have bargained, it is a logical inference that they completed their contract in respect to all matters relating to the one concerning which there is an express agreement, and therefore it is entirely reasonable to assume that so far the agreement was the final expression of the parties, limiting their rights and obligations.

Now, it seems entirely plain that the maxim can only apply to those express provisions which are so related to the one implied that the latter must be regarded as in the mind of the parties at the time when the agreement was executed. If the express stipulation concerns one matter, it cannot be presumed that it excluded another matter entirely distinct. I think an illustration of the distinction in mind is afforded by the application of the maxim to the warranty of chattels. It must be kept in mind that the maxim is not only one of construction, but also one of evidence. Now, in respect to an express warranty of quality, Justice Maule, in delivering judgment in the case of *Dickson* v. *Zizinia, 10 C. B. 602, 610,* remarked: "If a man sell a horse and warrants it to be sound, and the vendor knowing at the time that the purchaser wants it for the purpose of carrying a lady, and the horse, though sound, proves to be unfit for that purpose, this would be no breach of warranty; so, with respect to any other kind of warranty, the maxim '*expressum facit cessare tacitum*' applies to such cases; if this were not so, it would be necessary for the parties to every agreement to provide in terms that they are not to be understood not to be bound by anything which is not expressly set down—which would be manifestly inconvenient." *Broom Max. marg. 586.*

But I imagine no legal gentleman would contend that an express warranty, in respect to quality, would tacitly exclude an otherwise implied warranty of title. The reason is that the two

Greer v. Van Meter.

kinds of warranty are not so related that because one was expressly bargained for, it must be presumed that the other was in the mind of the parties, and therefore it follows that because they did not choose to include it, they intended to exclude it. If the stipulation under consideration had dealt with the matter of light and air, and had fixed the extent of that right; if it had provided that no obstruction excluding such light or air should be erected within twenty years; if it had restricted the distance from this window which any building should be placed upon the lot, or had it expressly bargained for the influx of light and air through some other window or windows in the north side of the Starr building, it might be conceded that the maxim invoked is pertinent. In such case the express agreement, in respect to this matter, would carry with it the implication that it contained the entire measure of the complainants' rights. Thus the extent of an easement to flood lots with backwater, which easement would pass by a conveyance, is limited by an express reservation fixing the extent of the right. But the clause in question does not deal with the right to receive light and air at all, but it stipulates for an entirely different right, viz., a right to have the walls and eaves, so long as the present Starr building shall stand, project over the land of the defendants just as they obtruded at the time of the execution of the conveyances.

And as the agreement in respect to the non-interference with the walls and eaves was entirely distinct from the matter of the reception of light and air, it can no more raise a presumption that the right to the latter was abandoned than if the deed had contained a clause stipulating for the right to stretch clothes-lines over the adjoining roof and attach the cord to one of defendants' chimneys.

Nor does the implied right which seems to be contained in the stipulation to build as near to the Starr building as will not interfere with the projecting walls and eaves, carry with it the extinction of the right to light and air through this window, on the theory that the exercise of this implied right would necessarily obstruct the window, for it is perceived that the right to build does not necessarily include the right to build along the

entire length of the Starr building. The present building can be raised or a new building erected without interfering with the present window in any degree greater than at present.

My conclusion therefore is that the right to the reception of light and air through this window over the rear of defendants' lot, resides in the complainants.

The only remaining question concerns the right of the complainants to invoke the aid of this court to enjoin the proposed obstruction. The general power of the court to interpose to prevent the destruction of easements of this kind is too well settled for discussion. It is true that when the threatened obstruction of light and air will entail an injury so slight in degree as to be compensated for by a small amount of damages, courts of equity have declined to interfere. The amount of damages likely to result, necessary to confer jurisdiction upon a court of equity to use its injunction powers, is discussed in the case of *Dent* v. *Auction Mart Co., L. R. 2 Eq. Cas. 238,* by Vice-Chancellor Wood, and by Sir George Jessel in *Aynsley* v. *Glover, L. R. 18 Eq. Cas. 544.* These deal with instances where there is threatened not an entire darkening of lights, but only a partial obscuration. In this case, the building which the defendants intend to erect will result in an entire closure of complainants' north window.

I will advise a decree for the complainants.