BENJAMIN F. FOWLER

*v.*

JOHN R. WICK.

[Submitted July 15th, 1908. Decided July 30th, 1908.]

1. Where the owner of two adjoining lots, on one of which is a house with an apparent and continuous use of light and air over the other lot through windows in the building, conveys the lot on which the house is erected and retains the other lot, there arises, in the absence of any express provision to the contrary, an implied grant of the right to the light and air enjoyed over the other property, which may be enforced by and against the subsequent grantees of the respective parties.

2. A *quasi* easement founded on an implied grant on the conveyance of one of two adjacent lots owned by the same proprietor will not arise, unless at the time of the severance of title the lot conveyed supported a building then receiving light and air through its then existing windows which was reasonably necessary to the enjoyment of the building.

3. Where the owner of a building had a *quasi* easement to receive light and air from an adjoining lot, such easement was not abandoned or destroyed by alterations made in the windows of the main building which did not substantially change either the size or place, but the easement was terminated in so far as an annex to the building was concerned by the razing thereof and the erection of another without reference to any feature of the one destroyed, and without preservation of evidence of the situation of the old windows or doors, so that it could not now be determined whether any aperture corresponds with any previous one, either in location or office.

4. The right of a property owner to maintain a door opening on the adjoining property previously owned by his prior grantor was lost by the destruction of the door.

On bill for injunction. Heard on bill, answer, replication and proofs.

Complainant seeks to enjoin defendant from erecting a building in such manner as will close up the windows and doors in complainant's building. Defendant admits his purpose to do so, and claims the right.

The north side of complainant's building is adjacent to the line which separates complainant's and defendant's lots. Defendant's lot is vacant, and should he erect the building contemplated no light can enter any of the windows on that side of complainant's building, and the doors cannot be used. The right of complainant to the protection of his windows and doors is based upon the admitted fact that on April 12th, 1887, George P. Stokes owned the two lots now owned by complainant and defendant respectively, and on that date conveyed the lot now owned by complainant to complainant's predecessor in title, and at the time the conveyance was made a building was on the lot so conveyed, which building was adjacent to the line between the lot conveyed and the lot reserved, and the building so conveyed contained windows and doors facing the vacant lot reserved. Defendant, who now holds under Stokes, asserts that whatever rights may have been created by the Stokes' convey-

ance to receive light and air through the windows and to use the doors referred to have since been lost by reason of the radical changes which have since been made in the building so conveyed by Stokes.

From the evidence it appears that the building which was on the lot at the time of severance of title by the Stokes' conveyance consisted of what has been referred to at the hearing as a main building and an annex. The main building was two full stories in height, with an attic above, formed by an old-fashioned peaked roof, and fronted on the street, with its end—at the hearing referred to as its gable end—adjacent to defendant's lot. The annex extended rearward and along the line of defendant's lot and was two stories in height. In the end of the main building adjacent to defendant's lot there was one window in the first story, two windows in the second, and one in the third, the latter being an attic window near the peak of the roof. In the side of the annex adjacent to the defendant's lot there were in the first story several windows (probably three) and a door, and in the second story several windows (probably three) and a door.

In the year 1892, some five years after severance of title, radical changes were made in the building. That part of the building called the main building was remodeled, and that part called the annex was wholly torn down, and in its place was erected a structure corresponding, in the main, with the remodeled part of the main building. I am satisfied from the evidence that in remodeling the main building the two second-story windows were not materially changed. Large window glasses replaced the old small ones; but the apertures for light were not materially changed as to position or size; they may have been lengthened a few inches. The room which had been lighted by these two windows was not materially changed and received all its light from these two windows both before and after the remodeling. The evidence is not entirely satisfactory touching the first-story window of the main building; but I am satisfied that in the remodeling, the new window was made to occupy very nearly the same place as the old one. The new

window may have been placed somewhat nearer to the front of the building, and may have been greater in height; but I am convinced that the aperture which made the old window was in part, if not wholly, in the same place as that which made the new. The purpose and necessity of the old and the remodeled window referred to were the same. The old window was necessary to light the extreme rear of a long store which had no other light except from the front windows, and in the remodeled building the same storeroom was preserved and the new window afforded light for its extreme rear portion in the same manner as the old. In the remodeling of the third story of the main building no feature of the old building was preserved.

The annex, which was wholly destroyed, was rebuilt, with no reference whatever to the part destroyed. The apertures in the old annex which faced defendant's lot were, at most, three windows and a door in its first story and three windows and a door in its second story. The rebuilt portion contains in its first story one single window, one double window, and one treble window, in all, the equivalent of six windows, and also two doors; and in its second story contains two single windows and two double windows, and about one-half of the rebuilt portion is surmounted with a third story. The rebuilt portion is also about eleven or twelve feet longer than the portion destroyed. The evidence does not disclose with definiteness the interior arrangements of the old annex, and it does not appear definitely whether its rooms were supplied with light from sources other than the apertures facing defendant's lot. No evidence has been preserved of the location of the windows in the old annex, and almost every witness who has testified has differed from every other as to the number and location, and no witness has claimed to know whether any aperture in the rebuilt portion is, in whole or in part, in the same place in which an aperture existed in the portion which was destroyed.

*Mr. Austin H. Swackhamer,* for the complainant.

*Mr. Joseph J. Summerill,* for the defendant.

LEAMING, V. C.

The law of this state is well settled to the effect that where one who is the owner of two adjacent lots of land, on one of which is a house with an apparent and continuous use of light and air over the other lot through windows in the building, conveys away the lot on which the building is erected and retains the other lot, there arises, in the absence of any express provision to the contrary, an implied grant of the right to the light and air which have been enjoyed through the windows over the other property. In such case the grantor cannot derogate from his own grant by building on the remaining lot so as to obstruct or materially interfere with the enjoyment of light and air through those windows. The rights and obligations arising from the implied grant may be enforced by and against the subsequent grantees of the respective parties. *Sutphin* v. *Therkelson, 38 N. J. Eq. (11 Stew.) 318.* It has been held, however, that the *quasi* easement founded on the implied grant will not arise unless at the time of the severance of title the reception of light and air through the then existing windows was reasonably necessary to the enjoyment of the building. *Greer* v. *Van Meter, 54 N. J. Eq. (9 Dick.) 270, 272.* This latter view has met some criticism in this state, but appears to be the accepted law of this court. *Toothe* v. *Bryce, 50 N. J. Eq. (5 Dick.) 589, 595.* In the present case there can be no doubt but that the window in the first story of the main building and two windows in the second story of the main building were reasonably necessary to the enjoyment of the building at the time of the severance of the title. It is scarcely possible to assume that the continued presence of these windows was not in mind of the parties at the time of the sale. It is probable that the windows in the annex may also be said to have been reasonably necessary to its enjoyment, but the testimony touching the location of the windows of the annex and the relation of its windows to its interior arrangements is so vague and uncertain that it is difficult to positively assert the fact.

Assuming that all windows in both the main building and the annex were, at the time of severance, reasonably necessary for

the enjoyment of the property, and that the Stokes' deed operated to create a right in the nature of an easement in favor of the property conveyed, as the dominant tenement, for the unobstructed use of light and air through these windows passing over the property reserved, as the servient tenement, the question arises, to what extent, if any, has the right so created been lost by reason of the changes which have been made in the building?

The opinion of Vice-Chancellor Reed in *City National Bank* v. *Van Meter,* on the subject of extinguishment of rights of this nature, reported in *59 N. J. Eq. (14 Dick.) 32,* was adopted by the court of errors and appeals. *61 N. J. Eq. (16 Dick.) 674.* It was there determined that the destruction of a building and the erection of a new one, with a window in substantially the same place, would not operate to extinguish the easement; that abandonment is a question of intent, and that an intention to abandon will be inferred "if the building is torn down and the locality of the old windows from delay in rebuilding or from failure to preserve evidence of their situation, cannot be proved."

The application of these principles to the facts already stated renders it manifest that in remodeling the main building in such manner that the single window in the first story and the two windows in the second story occupied substantially the same place and performed the same duties as the pre-existing window, the right of complainant to the continued use of these windows was not lost, but in wholly destroying the rear annex and erecting in its place a new building without reference to any feature of the one destroyed and without preservation of evidence of the situation of the old windows or doors, so that at this time it cannot be ascertained whether any aperture corresponds with any previous one either in location or office, an abandonment of the rights claimed under the original grant must be assumed. It follows that an injunction may issue restraining defendant from obstructing the influx of air and light through the three windows referred to in what was formerly the main building, but that defendant cannot be enjoined from building adjacent to the line opposite to that part of the rear portion of the present building which was formerly known as the rear annex.

Complainant also claims a right to the use of a door in the first story of the annex and a right of passage from it over defendant's land. Whatever right to maintain a door he may have acquired has been lost by its destruction. At present two doors exist and neither can be ascertained to occupy the place of the door which was destroyed.. The claim of defendant to right of way over the land on which defendant proposes to build cannot be supported either as a way of necessity or as a right emanating from an implied grant.