MINERVA P. TAYLOR

*v.*

JENNY E. WRIGHT.

[Submitted May 7th, 1909. Decided May 19th, 1909.]

1. When the owner of two tenements sells one of them, or the owner of one entire estate sells a portion, the purchaser takes the tenement or portion sold with all the benefits and burdens which appear at the time of sale to belong to it, as between it and the property which the vendor retains.

2. The principle illustrated with respect to the case of overhanging eaves and porch as a *quasi*-easement reserved by implication for the benefit of the complainant as vendor.

3. The easement in question is of the class defined as continuous.

4. An action at law before the law court is the proper remedy for the determination of the existence or non-existence of such an easement, and the court of chancery will not enjoin the prosecution of such an action.

On bill for injunction to restrain action at law.

*Messrs. Carrow & Kraft,* for the complainant.

*Messrs. Apgar & Boswell,* for the defendant.

LEAMING, V. C.

Complainant's husband owned certain land in Ocean City, Cape May county, fronting on Central avenue. On this land he

erected two dwelling-houses, similar in size and appearance. The houses both fronted on Central avenue and were but a few feet apart. The peak of the roof of each house was over the centre of each house and ran in a line at right angles to Central avenue, so that one-half of the roof of each house slanted towards the other house. The roofs of both houses extended beyond the line of the sides of the houses, forming eaves. The distance between the eaves of the two houses was but about thirteen inches. With the two houses thus standing side by side, and separated, as above stated, by but a few feet, and owned by complainant's husband, defendant purchased the easternmost house. An accurate survey of the land as described in the deed from complainant's husband to defendant discloses that the boundary line which passes between the two houses, when located on the ground, will cut off nine and eleven-sixteenths inches of the eaves and a few inches of the porch of the house not conveyed. Since the conveyance referred to was made complainant has acquired the property not conveyed by a deed from her husband through an intermediary. Defendant has now brought an action of ejectment against complainant to recover possession up to the boundary line described in the deed referred to. If recovery is had it will necessitate the removal of a part of the eaves and porch of complainant's house. The present suit is to restrain defendant from prosecuting the suit at law.

Complainant urges that the effect of the conveyance to defendant under the conditions named charges defendant's property with the burden of the overhanging eaves and porch as a *quasi*-easement reserved by implication for the benefit of complainant's house, while defendant claims that a *quasi*-easement of this nature cannot be implied by way of reservation because such claim is in derogation of the terms of the grant.

The law of this state touching easements of the nature here claimed must be regarded as settled to the effect that upon a severance of title a *quasi*-easement may arise by way of implied reservation as well as by way of implied grant. In *Central Railroad Co.* v. *Valentine, 29 N. J. Law (5 Dutch.) 561, 564,* the court of errors and appeals quotes, with approval, from *Lampman* v. *Milks, 21 N. Y. 507,* as follows:

"When the owner of two tenements sells one of them, or the owner of one entire estate sells a portion, the purchaser takes the tenement or portion sold with all the benefits and burdens which appear at the time of sale to belong to it, as between it and the property which the vendor retains."

On *p. 564* the reasons for the rule are stated as follows:

"The law preserving the rights of the parties upon a severance of ownership of the entire estate, by creating an easement in favor of the part sold or retained, according to circumstances, seems to proceed upon the idea that in the absence of an expressed intention to destroy the burden, none will be implied from the mere fact of severance."

Other cases in this state are reviewed by Vice-Chancellor Pitney in *Toothe* v. *Bryce, 50 N. J. Eq. (5 Dick.) 589, 605,* and again by Vice-Chancellor Reed in *Greer* v. *Van Meter, 54 N. J. Eq. (9 Dick.) 270.* In both of these cases the conclusion is reached that it must be considered as here settled that upon the severance of the tenement, a reservation of a *quasi*-easement will take place on the conveyance of the servient part whenever it would pass by way of grant on the conveyance of the dominant part.

It is also settled that such easements will only arise when they are apparent and continuous and reasonably necessary to the beneficial enjoyment of the property conveyed or reserved. *Toothe* v. *Bryce, supra* (at *p. 608*), and *Greer* v. *Van Meter, supra* (at *p. 272*).

In the present case I think the easement claimed by complainant must be regarded as of that class recognized as apparent and continuous, and as reasonably necessary to the beneficial enjoyment of the building. Assuming, as it must be assumed under the pleadings, that the parties established the boundary line where they intended to establish it, the fact that the eaves and porch of complainant's house extended over the boundary line was apparent. It may be, as stated at the hearing, that the naked eye could not detect that the eaves extended over the boundary line; but it also appears that the porch extended over the line, and the diagram of the premises offered in evidence discloses that the eaves project from the body of the building

further than the porch. Upon the assumption that the parties knew that the line passed across the extreme end of the porch, the fact that the eaves also extended over the line must be regarded as apparent in the sense that it was apparent to the parties. The easement is also of that class defined as continuous. In *Fetters* v. *Humphreys, 18 N. J. Eq. (3 C. E. Gr.) 260, 266; affirmed, 19 N. J. Eq. (4 C. E. Gr.) 471,* Chancellor Zabriskie refers to overhanging roofs as an illustration of an apparent and continuous easement, as follows: "A continuous or apparent easement is either a fixture, or it is enjoyed by means of a fixture, upon the land itself. There is something visible by which it may be known to a purchaser, as an overhanging roof, open windows, a sewer, or a water pipe, actually engaged in fulfilling their duties. A right of way, a discontinuous easement of any kind, is only exercised at intervals, and is a latent encumbrance or claim, the very existence of which may depend upon uncertain and doubtful testimony."

That the easement now in question is reasonably necessary to the beneficial enjoyment of the house of complainant also seems apparent. It may be that the overhanging part of complainant's house can be removed and the extreme end of the porch cut off without injuring the strength of the house or unfitting it for occupation, but it is obvious that the removal of the eaves of the house will injure its appearance and value. I do not understand the rule to have been adopted in this state that the easement must be absolutely necessary to any enjoyment of the property whatever, as in the case of a way of necessity. Should the facts of the present case be reversed and the conveyance be assumed to have been from defendant to complainant, there seems to be no doubt but that complainant would be entitled to the preservation of the overhanging eaves and projecting porch as reasonably necessary to the beneficial enjoyment of the property conveyed, and, as stated in *Greer* v. *Van Meter, supra,* the same rules are applied in the case of reservation as in grant. As pointed out in *Central Railroad Co.* v. *Valentine, supra* (at *p. 567*), the intention of the parties must be understood from the language of the deed when applied to the subject-matter, and the intention of the parties to destroy the apparent

and continuous conveniences will not be understood to have existed unless that intent is distinctly expressed.

The evidence at the hearing disclosed that it was the probable intention of the parties to establish the line at a point half way between the two houses. Had the bill been for reformation of the deed with that issue presented by the pleadings, that evidence would have been competent and might have entitled complainant to relief on that ground. The issue of reformation or mistake is not, however, presented by the present pleadings, and it also seems probable that the fact that complainant has, since the execution of the deed, suffered defendant to extend a bay window up to the line described in the deed, may now operate to bar relief by reformation.

I have given this expression of my views touching the issues presented because the jurisdiction of this court has been in no way challenged, except by the single objection that relief should not be here granted until after a judgment should have been entered in favor of the plaintiff in the pending action in the law court. But notwithstanding the fact that no objection to the jurisdiction is pending I feel obliged to recognize what I deem to be the well settled limitations of the jurisdiction of this court.

If the easement here asserted by complainant exists, it arises from well-defined rules of law and is a legal as distinguished from an equitable estate or interest. While this court has frequently recognized and protected rights of the nature here claimed, the occasion has uniformly arisen from a threatened permanent invasion of rights which, if permitted, would occasion irreparable injury. In the present case there is no such threatened invasion of any rights which complainant may possess, but on the contrary defendant has brought an action at law for the recovery of possession, and in that action the legal rights of complainant here asserted will, if they exist, afford a complete defence. That tribunal is the proper tribunal to determine the existence or non-existence of an easement or other legal estate in lands, and this court cannot properly determine an issue of that nature except to such extent as may be necessary to prevent irreparable injury. In *Hart* v. *Leonard, 42 N. J. Eq. (15 Stew.) 416; Outcalt* v. *Helme Co., 42 N. J. Eq. (15 Stew.) 665,* and

*Todd* v. *Staats, 60 N. J. Eq. (15 Dick.) 507,* the court of errors and appeals has clearly defined the limitations of the jurisdiction of this court in enforcing or protecting legal rights in real estate. To here enjoin defendant from prosecuting his action at law is to interfere with the law court in the discharge of its primary jurisdiction. That the rights asserted by complainant are purely legal rights is, I think, entirely clear. In *Valentine* v. *Central Railroad Co., 29 N. J. Law (5 Dutch.) 60; S. C., Id. 561,* rights emanating in a similar manner as those asserted by complainant are treated as legal rights. See also *Stuyvesant* v. *Woodruff, 21 N. J. Law (1 Zab.) 133.*

I am obliged to advise an order dismissing the bill for want of jurisdiction; but as no demurrer has been filed I think no costs should be taxed. *Dan. Ch. Pl. & Pr. 542.*