The bill in this cause was filed to restrain the defendants from erecting a wall which would close the windows of the complainant. The property of the complainant is known as No. 73 Madison street, Hoboken; that of the defendants as No. 71 Madison street, Hoboken. Buildings stand on both lots — that on lot No. 73 covers the entire width thereof, with eight windows, two on each floor, overlooking lot No. 71. On lot No. 71 is erected a three-story building covering only a portion of the width of said lot. Between the buildings on lots 71 and 73 there is a driveway, wholly on lot 71, to a garage in the rear. The defendants undertook to widen their building on lot 71 to the full width, which would close the windows on lot 73.
The title of both parties is derived from a special master's deed in partition in the case of Ida Hartkorn, complainant, v.Margarethe Witte et al., defendants (38/684). At the sale, held on November 10th, 1915, Ida Hartkorn became the purchaser of both tracts on a bid of $10,600. On November 12th, 1915, Ida made a contract with Musarra and Cerra to sell lot 73 Madison street for $8,200, $1,000 of which was paid on the execution of the agreement. In that contract Ida agreed to deliver to Musarra and Cerra a full covenant warranty deed, conveying to them the fee-simple of said premises, free and clear of encumbrances, "subject to the terms and conditions of sale by the special master to Ida Hartkorn." This contract is annexed to the petition for second amended decree for sale, nunc pro tunc, filed May 8th, 1918, and is a matter of record. On the 15th day of March, 1918, Ida assigned her bid for No. 71 Madison street to Julius J. Kislak, which, after stating that she assigned the bid so far as it concerns 71 Madison street to Kislak, proceeds as follows:
"I further hereby declare and acknowledge that the sum of $1,000 heretofore by me paid to said master, William C. Asper, is the money deposited with said master by Antonio Musarra and Felice Cerra, and I request said master to apply said sum of $1,000 on the price *Page 483 
of $8,200, which said Musarra and Cerra are to pay for the part of the premises purchased by them from me, and I request the said master to deliver a deed to them for said premises so purchased, and I further request said master to deliver a deed for 71 Madison street aforesaid to said Kislak or his assigns."
At the foot of said assignment Kislak assigned his interest in the following words: "Hoboken, N.J., May 15th, 1918. I hereby assign my rights, title and interest in and to the above instruments to Max Bernfeld. Julius J. Kislak." Kislak, also, by a formal assignment dated on May 15th, 1918, assigned said bid to Bernfeld and requested the special master to deliver the deed for said premises to Max Bernfeld upon the payment by him of the balance due the special master for the purchase of said premises.
On March 18th, 1918, by an order dated on that day, after reciting that Ida Hartkorn had contracted, in writing, under her signature, to sell lot 73 to Musarra and Cerra for $8,200, and that, on the execution of said contract the said Musarra and Cerra had paid to the said William C. Asper, master, the sum of $1,000, and that the said contract was equivalent to an assignment of her bid for 73 Madison street, it was ordered
"that the master make, execute and deliver to the said Antonio Musarra and Felice Cerra, the assigns of Ida Hartkorn * * * in compliance with the aforesaid decree, a good and sufficient conveyance in the law for that part of said lands and premises known as No. 73 Madison street, Hoboken, New Jersey, purchased by said Ida Hartkorn as aforesaid and sold by her to said Antonio Musarra and Felice Cerra as aforesaid, and that the said master do make, execute and deliver to the said Ida Hartkorn, in compliance with aforesaid decree, or to her assigns, a good and sufficient conveyance in the law for the remaining part of said lands and premises known as No. 71 Madison street, Hoboken, New Jersey, purchased by her as aforesaid, upon her complying with the conditions of said sale."
This order was consented to by counsel of the respective parties to the suit, and also by Samuel A. Besson, solicitor for Musarra and Cerra, assigns of Ida Hartkorn. There is nothing in the order which indicates that anyone other than Ida, at that time, had any interest in No. 71 — no reference *Page 484 
being made to the assignments to Kislak or Bernfeld. In pursuance of said order, the said master, at the office of the New Jersey Title Guarantee and Trust Company, in Jersey City, on the 27th day of May, 1918, delivered to Musarra and Cerra a deed for 73 Madison street, and to Max Bernfeld a deed for 71 Madison street. These deeds were delivered simultaneously. Both deeds recite the order of March 18th, 1918, above referred to, and also, after the description in each deed, is the following clause: "Together with all and singular the hereditaments and appurtenances to the same belonging," and in the habendum of the deed to Musarra and Cerra is the following clause: "According to the true intent and meaning of the said decree as amended, and the proceedings above mentioned, and the acts of the legislature of the State of New Jersey in such case made and provided." The above language is also in the deed of Bernfeld, with the exception of the words "as amended," which are omitted.
There is also contained in the deed to Bernfeld a recital that Ida Hartkorn had assigned to Kislak, and that Kislak had assigned to Bernfeld.
The title to 73 Madison street being vested in Musarra and Cerra, Musarra and wife, on July 2d 1918, conveyed his equal undivided one-half part of lot 73 Madison street to Cerra, the complainant, by full covenant warranty deed.
On August 15th, 1918, Bernfeld and wife conveyed lot 71 Madison street to the defendants.
The complainant claims that, as both parties derived their title from Ida Hartkorn, a common owner of both tracts, through the assignments of her bid, and the master's deeds were delivered simultaneously, as an appurtenant to the grant to the complainant there passed the right to light and air through the windows then existing on his premises.
If the special master had conveyed both tracts to Ida Hartkorn on her bid, and she had conveyed lot 73 to the complainant and Musarra, retaining lot 71, there would be an implied grant of an easement for light and air which would forbid Ida, or her grantee, from erecting a building so close *Page 485 
to the walls of the complainant as to shut out the light and air, such windows being plainly necessary for the enjoyment of the bedrooms in the building. Sutphen v. Therkelson, 38 N.J. Eq. 318; Ware v. Chew, 43 N.J. Eq. 493; Toothe v. Bryce, 50 N.J. Eq. 589; Greer v. Van Meter, 54 N.J. Eq. 270; Johnson v.Hahne; 61 N.J. Eq. 438 (441); Lengyel v. Meyer, 70 N.J. Eq. 501; Taylor v. Wright, 76 N.J. Eq. 121; Fowler v. Wick,74 N.J. Eq. 603.
The defendants' counsel, in his brief, cites the cases ofKing v. Miller, 8 N.J. Eq. 559; Hayden v. Dutcher, 31 N.J. Eq. 217,
and Bloom v. Koch, 63 N.J. Eq. 10 (18), to negative the idea of the doctrine of ancient lights in New Jersey. In the first two cases cited the complainant and defendant did not derive title from the same common source, but each was independent of the other, and, therefore, have no application in this case. In the last case (Bloom v. Koch) the complainant derived title from the defendant, who, at that time owned the adjoining premises; and, in that case, the court held that the defendant could not build so close to the complainant's building as to obstruct its light and air.
The instant case is not placed upon the doctrine of ancient lights, or a user for over twenty years, but on the right acquired by an implied grant.
The serious question in this case is whether the assignment of parts of the bid of Ida Hartkorn, whereby one party acquired one lot and the other acquired the other, simultaneously, imposed an easement for light and air in favor of lot 73.
The defendants, owners of lot 71, had knowledge, both from the petition for second amended decree filed May 8th, 1918, of the contract of Ida to sell to Musarra and Cerra, and give a full covenant warranty deed subject to the terms and conditions of sale by the special master to Ida Hartkorn, a copy of which was annexed to said petition, and from the very assignment to Kislak, which refers to the fact that Musarra and Cerra had purchased the lot No. 73 from Ida. It is therefore apparent that Kislak and Bernfeld, his assignee, *Page 486 
were charged with notice of the rights of Musarra and Cerra in the premises. The question, therefore, arises (the contract between Ida and Musarra and Cerra, coupled with the assignment, both being prior in time to the assignment to defendants) whether the deed made by the special master to them would not operate in the same fashion as if the special master had conveyed to Ida, and she had conveyed to the complainant first, retaining title to lot 71, and thereafter conveying lot 71 to the defendants, even though both of the master's deeds were executed and delivered at the same time — Kislak and Bernfeld both being charged with knowledge of the rights of Musarra and Cerra in the premises?
The conclusion I have reached is that, by the contract with, and assignment to, Musarra and Cerra, they were placed on the same footing as if the master had conveyed to Ida, and she had conveyed under said contract to Musarra and Cerra, and to the defendants by deeds dated and delivered the same day, the defendants being charged with notice of the prior rights of Musarra and Cerra, the complainant is entitled to a decree in his favor.
The defendants made a point and offered evidence to show that the complainant took out the old windows and put in new ones which were larger. The old windows were in two pieces and swung on hinges into the rooms. These he removed and placed in modern windows that moved up and down, and, in order to do this, put in a casing to carry the sash cord and weights. The windows were produced in court, and show that they are neither wider nor higher than the old windows, and the overwhelming testimony is to the same effect.
 I will advise a decree for the complainant. *Page 487