The material facts are not in dispute. The premises 238 1/2 and 240 Third street are adjoining properties in Jersey City, 238 1/2 being the easterly one of the two, and on and prior to January 13th, 1927, complainant owned both, having acquired title by separate conveyances. There were then and still are dwelling houses on each lot, the one on 240 covering the entire width of that lot, with an extension the easterly wall of which is erected on the division line between the lots and in the rear of each house is an open yard or space. The building on 240 has a greater depth than the building on 238 1/2 and in the easterly wall of that part of the building on 240 which extends beyond the rear line of the building on 238 1/2, there were and are two windows on the first floor thereof, one opening into a bedroom and the other into the kitchen of 240. It is difficult to understand from the evidence whether or not there is a third window in the easterly wall of complainant's dwelling, opening into a bathroom. At the time complainant's title to the two properties was separated by the conveyance hereinafter mentioned, the windows of 240 were unobstructed and overlooked the vacant portion of premises 238 1/2 and through those windows light and air were admitted freely to the rooms into which they opened. *Page 618 
January 13th, 1927, complainant conveyed 238 1/2 to Max Weiss by full covenant and warranty deed free of encumbrance, containing no reservation of light and air in favor of 240, which complainant retained and still owns and wherein he resides. By subsequent conveyances title to 238 1/2 became vested in Weiss and his wife, who are the defendants herein. In or about 1929 defendants added a small extension to the rear of their building which extension butted on the easterly wall of complainant's dwelling and to some extent excluded free passage of light and air through complainant's bedroom window. Early in 1939 defendants made alterations to the extension, thereby further and materially obstructing full passage of light and air through said window, and defendants admit they propose to erect a further or new extension which will completely close off all light and air from passing through complainant's windows. The complainant claims an easement of light and air for his windows over that portion of defendants' premises which was vacant at the time complainant conveyed same to defendants, and his bill is filed to restrain defendants from maintaining the present extension to their building and from erecting any other structure which will interfere with complainant's claimed right of light and air through his windows.
Cases involving the right to light and air usually arise where the owner of two adjoining lots, on one of which is a building which enjoys the apparent right of light and air through windows therein over the other lot, conveys the lot built on and retains the other. In such cases it is settled that the grant of the dominant tenement carries with it all its appurtenances including all things necessary to its convenient and beneficial enjoyment and therefore there is an implied grant to the grantee, of the right to light and air through windows which overlook the retained servient tenement, which right cannot be obstructed or materially interfered with (Sutphen v. Therkelson, 38 N.J. Eq. 318; Cerra v. Maglio, 98 N.J. Eq. 481; affirmed, 100 N.J. Eq. 341; Engel v. Siderides, 112 N.J. Eq. 431), but here we have the converse situation where the owner of two adjoining lots claims the *Page 619 
right to light and air as an easement in favor of the lot he retained, binding on the lot he conveyed without reservation.
The leading case in our reports applicable to the situation with which we are concerned, is Central Railroad Co. v.Valentine, 29 N.J. Law 561, the syllabus of which states that where the owner of land conveys part of it, "the grantee takes the part conveyed and the grantor holds the part retained, with the right to whatever is necessary to the enjoyment of their respective premises for which they are then or are intended to be used, whether such intended use is mentioned in the deed or not." That case holds that the grantee of the part conveyed takes such part with all benefits and all burdens which at the time of the conveyance appear to belong to it, as between it and the property the grantor retains, and it is authority for the contention that the existence of a window or windows which admit light and air to a building on land retained by a grantor at the time he makes conveyance of adjoining land, gives such grantor an implied easement over the adjoining land, to maintain his windows unobstructed in the absence of a distinctly expressed intention in the deed to destroy such easement. Authority to the same effect is also to be found in Seymour v. Lewis, 13 N.J. Eq. 439; Denton v. Leddell, 23 N.J. Eq. 64; affirmed, 24 N.J. Eq. 567; De Luze v. Bradbury, 25 N.J. Eq. 70; Kelly v. Dunning,43 N.J. Eq. 62; affirmed, 46 N.J. Eq. 605; Larsen v. Peterson,53 N.J. Eq. 88; Greer v. Van Meter, 54 N.J. Eq. 270; Taylor v.Wright, 76 N.J. Eq. 121.
The case of Hayden v. Dutcher, 31 N.J. Eq. 217, however, cites with approval an English case which holds that if I own a house with certain lights in it, and lands adjoining and I sell the vacant piece of ground and keep the house without reserving the benefit of lights, my vendee may build against my house, and the soundness of the reasoning in Central Railroad Co. v.Valentine as applied to a reservation by implication in favor of a grantor's retained lands of an easement over adjoining lands conveyed by him, is questioned in Toothe v. Bryce, 50 N.J. Eq. 589,
as permitting such reservation in derogation of the grantor's deed and it is there said *Page 620 
that it is difficult to perceive on what ground, short of an absolute necessity, such an easement could be reserved. The point is again referred to by the same vice-chancellor in Hess v.Kenney, 69 N.J. Eq. 138.
The principle is also questioned in Denman v. Mentz, 63 N.J. Eq. 613,
in which case (as in this) the owner of adjoining parcels on one of which was a building containing a window overlooking the adjoining lot, conveyed the adjoining lot by full covenant and warranty deed and against encumbrances and as owner of the retained lot, contended that notwithstanding the warranty contained in his deed the conveyed lot was burdened with an easement of light and air in favor of the window in the building on his retained lot. The vice-chancellor said that violence is done to plain words by reserving out of the conveyed lot, what in terms is given by the grantor's deed and that the covenant against encumbrances negates the implication of a reservation of an easement and narrows the necessity therefor to a necessity which is absolute.
In Lengyel v. Meyer, 70 N.J. Eq. 501, it is said that an express covenant may operate to prevent the grant of an easement by implication where the rights created by the express covenant are inconsistent with the enjoyment of the easement, and that a covenant on the part of the grantor that the granted land was free from encumbrances, is inconsistent with an implied provision to be read into the instrument, creating an encumbrance.
Whatever merit I might be inclined to find in the argument advanced on behalf of the defendants here that, because complainant conveyed to them by full covenant and warranty deed containing no reservation, he should be estopped from asserting a right which is in derogation of his deed, I feel bound to followCentral Railroad Co. v. Valentine, supra, and the cases which support the doctrine therein enunciated, and decide that the right to free passage of light and air through the windows in complainant's dwelling was reserved to complainant by implication as a quasi-easement, if such windows were apparent to defendants when they took title to their lot and if such easement is necessary to the beneficial enjoyment of complainant's dwelling. *Page 621 
That the existence of windows was apparent is not and cannot be doubted. As to complainant's necessity for their use, the rule is not that the easement must be absolutely necessary to any enjoyment of complainant's property, but that it is sufficient if it be reasonably necessary for convenient, comfortable or beneficial enjoyment. Kelly v. Dunning, supra; Greer v. VanMeter, supra; Taylor v. Wright, supra. The window opening into complainant's bedroom is the only means whereby light and air from the outside are admitted to that room and its maintenance and use for such purpose is an absolute necessity. The structure erected by the defendants as it existed when the bill in this cause was filed, shut off materially free passage of light and air through that window and the structure defendants propose to erect will entirely close it. While defendants have not as yet obstructed complainant's kitchen window, they threaten to do so by a structure which will deprive the kitchen of all light and air through such window. Although there appears to be another window opening in the kitchen in the rear or northerly wall of complainant's dwelling, closing the one in complainant's easterly side wall will reduce by fifty per cent. the convenience, comfort and benefit of light and air which complainant now enjoys by means of two windows opening into his kitchen and therefore complainant's use of the kitchen window which defendants propose to block off, is a necessity of which defendants may not deprive him.
Complainant may have the decree for which he prays, restraining defendants from maintaining or erecting any structure on their premises which will materially interfere with the free passage of light and air through the present windows in the easterly wall of complainant's dwelling. *Page 622