PHEBE M. DUNNING, appellant,

v.

JAMES KELLY, respondent.

On appeal from a decree advised by Vice-Chancellor Van‹ Fleet, whose opinion is reported in *Kelly* v. *Dunning, 16 Stew.. Eq. 62.*

Decree awarded a perpetual injunction restraining the defend-- ant from filling up or obstructing a ditch through which the com-- plainant's lot was drained. The lots of the parties, respectively,. lying within a city, in the neighborhood of city improvements,. and the probability being, that by the construction of sewers by the city the water from the complainant's lot may be diverted into public sewers, and his lot thereby relieved therefrom, the‹ decree was amended, giving defendant leave to apply, upon such‹ an altered condition of affairs, to have the injunction modified: or discharged.

*Mr. Joseph Coult,* for the appellant.

*Mr. E. M. Colie,* for the respondent.

The opinion of the court was delivered by

DEPUE J.

The respondent, Kelly, is the owner of a lot of land in the‹ city of Orange, situate on the southerly side of Central avenue‹ and west of Oakwood avenue. East of the complainant's lot is Parrow brook. The appellant is the owner of a lot lying be- tween the respondent's lot and Parrow brook, and next adjoining‹ the brook. The respondent's bill was filed for an injunction to‹ restrain the appellant from filling up or obstructing a drain or‹ water-course through his lot, by means of which the water from‹ the complainant's land was carried to Parrow brook. The facts· appear in the opinion of the vice-chancellor. Upon his opinion‹

.a decree was made in favor of the complainant, in accordance with the prayer of the bill. The evidence fully sustains the decree in favor of the complainant.

The premises of the parties, respectively, are within the city of Orange, fronting on Central avenue, and within a short distance of Oakwood avenue. The case discloses that the lots of these parties are in the neighborhood of city improvements, and the probability is, that by the construction of sewers in adjacent streets, the water from the complainant's lot, which now has its only outlet through this drain, may be diverted into the public sewers, and the complainant's land be relieved therefrom without the maintenance of the ditch or drain through the defendant's lot.

The decree appealed from awards a perpetual injunction restraining the defendant from filling up or obstructing the ditch or drain, or doing any act which will deprive the complainant of the full enjoyment of the said ditch or drain for all proper purposes. To impose upon the defendant's lands a perpetual servitude of maintaining a ditch or drain through his lot, when by the altered situation of affairs, by means of public sewers, such a servitude would not be necessary for the convenience and comfortable enjoyment of the complainant's property, would be needlessly oppressive. Such may not be the effect of the decree in its present form, but to remove all doubts on that subject, leave should be reserved to the defendant to apply to the court, upon such an altered condition of affairs, to have the injunction modified or discharged.

With this change in the form of the decree, it should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, KNAPP, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, WHITAKER—11.

*For reversal*—None.

NOTE.—The decision in this case was rendered at the March Term, 1889, and the opinion was inadvertently omitted from its proper place.—REP.