ISAAC R. SRAGER et al., complainants-appellants,

*v.*

HARRY MINTZ et al., defendants-respondents.

[Submitted October 30th, 1931.   Decided February 1st, 1932.]

*Mr. John Winans,* for the appellants.

*Mr. David Schneider* and *Mr. Winfield S. Angelman,* for the respondents.

The opinion of the court was delivered by

DONGES, J.

This appeal seeks a review of a decree of the court of chancery dismissing complainants-appellants' bill of complaint. The bill was filed to enjoin the use by defendants-respondents of property in the city of Plainfield in violation of the zoning ordinance of said city.

The zoning ordinance was adopted in 1923, and prohibits slaughter houses in any part of the city.   In 1928, the respondent Mintz obtained a permit to make alterations to a

garage building on the rear of his lot. It has since been used by the other respondents, with the consent of Mintz, as a poultry slaughter house. The appellants seek to restrain this use, not as a common law nuisance, but as a violation of the city ordinance. At the trial, counsel for appellants stated that they sought relief only by enforcement of the municipal ordinance.

The vice-chancellor held that the Zoning Enabling act of 1928 (*P. L. 1928 p. 696*), was unconstitutional, and that the court of chancery was without jurisdiction to restrain violations of criminal or prohibitory statutes or ordinances merely as such, and dismissed the bill.

We do not deem a consideration of the constitutional question necessary to a determination of the present appeal. We are of opinion that the court of chancery did not have jurisdiction to give the relief sought in the circumstances of this case.

It is plain that the court of chancery will not grant injunctive relief to enforce the penal laws of the state or the ordinances of a municipality. Vice-Chancellor Grey, in *Ocean City Association* v. *Schurch* (*1898*), *57 N. J. Eq. 268,* said:

"So far as the complainant seeks the aid of this court because the acts of the defendant are obnoxious to the Vice and Immorality acts and in the nature of a crime, there is the highest authority for the refusal to allow an injunction simply to prevent the commission of a crime. Lord Eldon, in *Gee* v. *Pritchard, 2 Swanst. 413,* declared that the court had no jurisdiction to prevent the commission of crimes. This does not deny the preventive jurisdiction of this court to protect property from a threatened act which, if completed, would give a right of action. *Emperor of Austria* v. *Kossuth, 3 De G., F. & J. 240.* But if the act to be restrained constitutes a crime only, and is not destructive of property nor of a character which will result in pecuniary damage, an injunction will not be allowed. It is quite obvious, therefore, that the supposed criminal phase of the acts of the defendant cannot be considered by this court as a ground for equitable relief."

In the instant case, the use of the property by defendants as a slaughter house would constitute no invasion of the rights of others and would be legally unobjectionable, except for the ordinance in question. It has been held that equity will not enforce municipal ordinances by injunction, unless the act sought to be restrained is a nuisance. *Ventnor City* v. *Fulmer, 92 N. J. Eq. 478; affirmed, 93 N. J. Eq. 660.*

In the instant case the relief sought being rested solely on a violation of the municipal ordinance, the court of chancery properly held that it was without jurisdiction to grant the relief sought.

The decree below is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.