In the Matter of NICHOLAS L. LEONE, Appellant, against HARRY J. BREWER et al., Constituting the Building Commission of the Town of Mamaroneck, Respondents.

(Argued June 14, 1932; decided July 19, 1932.)

*Jonas J. Shapiro* and *Lawrence S. Greenbaum* for appellant. The uncontradicted evidence, and the accepted findings establish that the 30 foot set-back provision deprives petitioner of all beneficial use of his property. As to him it is unconstitutional, and mandamus must issue. (*Matter of Eaton* v. *Sweeny*, 257 N. Y. 176; *People ex rel. St. Albans-Springfield Corp.* v. *Connell*, 257 N. Y. 73; *Nectow* v. *Cambridge*, 277 U. S. 183; *Matter of Hecht-Dann Const. Co.* v. *Burden*, 124 Misc. Rep. 632; *Sundlun* v. *Zoning Board of Pawtucket*, 50 R. I. 108; *Anderson* v. *Jester*, 206 Iowa, 452; *State ex rel. Taylor* v. *Jacksonville*, 133 So. Rep. 114; *Matter of Jacobs*, 98 N. Y. 98; *Matter of Picone* v. *Comr. of Licenses*, 241 N. Y. 157; *Norton* v. *Shelby County*, 118 U. S. 425; *Gedney* v. *Marlton Realty Co.*, 258 N. Y. 355; *Wulfsohn* v. *Burden*, 241 N. Y. 288.) The Town Board, in the absence of a Board of Appeals, has no authority to vary the zoning ordinance; and the Appellate Division erred in denying mandamus on the ground that the Town Board could grant a variance. (*Luechinger* v. *Eichhammer*, 236 N. Y. 556; *Martin* v. *Herzog*, 228 N. Y. 164; *Matter of McAneny* v. *Bd. of Estimate*, 232 N. Y. 377; *Federal Trade Comm.* v. *Raladam Co.*, 283 U. S. 643; *Matter of Milligan*, 4 Wall. 2; *Schumaker* v. *Edgington*, 152 Iowa, 596; *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377; *Richardson* v. *Young*, 122 Tenn. 471; *Snow* v. *Hudson*, 56 Kan. 378; *Keeney* v. *Jersey City*, 47 N. J. L. 449; *Bridges Son* v. *Kelly*, 156 Ky. 96; *Matter of Richmond Rys.* v. *Gilchrist*, 225 App. Div. 371; *Dowsey* v. *Village of Kensington*, 257 N. Y. 221.)

*J. Henry Esser* for respondents. The property owner, who claims to suffer an individual hardship, must deal first with the duly constituted local authorities, and seek recourse in the courts only after an arbitrary, capricious or unreasonable refusal of relief to which he is clearly entitled. (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221; *Lincoln Trust Co.* v. *Williams Bldg. Corp.,* 229 N. Y. 313; *People ex rel. Werner* v. *Walsh,* 212 App. Div. 635; 240 N. Y. 689; *Matter of Larkin* v. *Schwab,* 242 N. Y. 330; *Rice* v. *Van Vranken,* 132 Misc. Rep. 82; 255 N. Y. 541; *People ex rel. Lynch* v. *Pierce,* 149 App. Div. 286; *People ex rel. Van Deren* v. *Moore,* 78 App. Div. 28; *People ex rel. Earwicker* v. *Dillon,* 38 App. Div. 539; *Matter of Kelly* v. *Van Wyck,* 35 Misc. Rep. 210; *People ex rel. Kelly* v. *Common Council,* 77 N. Y. 503; *Willerup* v. *Village of Hempstead,* 120 Misc. Rep. 485; *Fougera & Co.* v. *City of New York,* 224 N. Y. 269.) The nullification which petitioner seeks is in fact a variance for which the Appellate Division properly relegated him to the local authorities. (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221; Pub. Off. Law, § 30; *Matter of Collins,* 16 Misc. Rep. 598; *Matter of Schultes,* 33 App. Div. 524.)

POUND, Ch. J. The only question before the court is whether, on the undisputed facts, appellant has established a clear legal right to a permit from the Building Commission of the town of Mamaroneck to erect a dwelling on his lots in accordance with plans and specifications filed by him. The lots are corner lots in class A, residence district, forming a triangular piece of land where two streets intersect obliquely. The zoning ordinance of the town provides in relation thereto as follows:

"Art. III, Section 11. Set Back: No part of any building shall be built within 30 feet of any street line, except that on corner lots such buildings may be set-back a less distance from the side street, upon the joint consent of the Board of Appeals and the Town Board."

Although the Town Law (Cons. Laws, ch. 62, § 141-c, subd. 18-f) provides in part, " such town board may appoint a board of appeals," no board of appeals exists and, therefore, the joint consent of the board of appeals and the town board cannot be obtained. Appellant contends that the strict enforcement of the set-back provision would destroy the value of his lots for residence purposes; that the ordinance as applied to him is void for unconstitutionality and that he should have a permit to erect his dwelling house regardless of the zoning ordinance.

The validity of zoning ordinances has been well established.

" There is no serious difference of opinion in respect of the validity of laws and regulations fixing the height of buildings within reasonable limits, the character of materials and methods of construction, and the adjoining area which must be left open, in order to minimize the danger of fire or collapse, the evils of over-crowding, and the like, and excluding from residential sections offensive trades, industries and structures likely to create nuisances." (*Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365, at p. 388.) (See, also, *Gorieb* v. *Fox*, 274 U. S. 603; *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *Town of Islip* v. *Summers C. & L. Co.*, 257 N. Y. 167.)

Reservation of authority to make exceptions in case the ordinance imposes a peculiar burden on a particular landowner is, however, proper and indeed necessary, if without such exception the owner is subjected to " great and needless hardship, entirely disproportionate to the good which will result from a literal enforcement of the general rule." (*Gorieb* v. *Fox, supra,* p. 607; *Nectow* v. *Cambridge,* 277 U. S. 183.) Such authority is reserved in the set-back ordinance before us but at present it cannot be exercised because of the non-existence of the board of appeals provided for by the Town Law. The appointment of the board may be compelled by mandamus. (*People ex rel. Sears* v. *Tobey,* 153 N. Y. 381, 389.) While this remedy

may be awkward and dilatory, it is a remedy which is open to appellant. Neglect or refusal by the Town Board to act in the matter of providing machinery under a valid zoning ordinance to mitigate its harshness as applied to a particular case does not nullify the ordinance as thus applied.

The court may not assume the functions of the board and exercise an administrative non-judicial function in making an exception to the ordinance. " In the first instance, the official body entrusted with that function must determine in such case the propriety and the extent of the variation." (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221, 229.) If the court should declare the restriction on appellant's lots void, appellant may build his house wherever on his lots he pleases and may thus destroy the scheme of the zoning ordinance. So long as another remedy is available the court should not go so far as to hold in this proceeding any part of the zoning ordinance void. If the local authorities when properly constituted and applied to, arbitrarily refuse relief, the courts may determine whether the petitioner has been illegally oppressed. (*Matter of Reed* v. *Board of Standards & Appeals*, 255 N. Y. 126, 136.)

This ruling is in accord with all our decisions. In *Matter of Eaton* v. *Sweeny* (257 N. Y. 176) the court afforded relief because the zoning ordinance, itself unduly harsh, did not make adequate provision for a variation of a use or for review of the action of the local authorities. In *People ex rel. St. Albans-Springfield Corp.* v. *Connell* (257 N. Y. 73) the proceedings were under section 719-a of the New York City Charter (Laws 1916, ch. 503, § 6) providing for review of a decision of the Board of Standards and Appeals by certiorari.

The order should be affirmed, with costs.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed.