AARON ENGEL, appellant,

*v.*

NICHOLAS SIDERIDES and ELIZABETH A. SIDERIDES,
respondents,

[Submitted May term, 1932. Decided January 31st, 1933.]

*Messrs. Platoff, Saperstein & Platoff,* for the appellant.

*Messrs. Burke, Sheridan & Hourigan,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

The bill in this case was filed to restrain the defendants from continuing to maintain a wall which had been erected on land owned by them and adjoining that of the complainant, and which it was claimed obstructed the light and air entering the windows of the complainant's building.

Complainant is the owner of premises Nos. 181 and 183 Bergenline avenue, Union City, on which now stands a two-story frame building consisting of a store and two apartments above. The defendants are the owners of premises to the north known as No. 185 Bergenline avenue. Formerly both properties were owned by one Riemenschneider who fifty years ago erected a dwelling house on No. 183 Bergenline avenue, placing four windows in the north wall of the building. These windows looked out on the then empty lot adjoining to the north. This lot was later built upon to within a few feet of the wall in which the windows were placed, leaving a small space between the buildings. In July, 1919, the owner of the entire premises having died, her executors conveyed the premises Nos. 181 and 183 Bergenline avenue to one Rogers, under whom the complainant holds, and at the same time conveyed the premises No. 185 Bergenline avenue to the predecessor in title of the defendants; the deeds in either case making no reference to an easement of light and air.

In 1928 the defendants erected a wall on the open space to within a few inches of the windows in the complainant's building (now altered as indicated above), and the present bill is filed to restrain the continued maintainence of this structure, it being claimed that an easement existed on defendants' lot for light and air through the windows in complainant's wall.

The doctrine respecting the easement of light and air has not been generally adopted in this country, many of our sister states refusing to recognize it as a substantive part of their common law (*Washb. Easem.* (*3d ed.*) *612; 19 C. J. 903*), and we are urged to declare a like rule in this state. It has, however, in so far as respects implied easements, been accepted as part of the common law of our own state (*Sutphen* v. *Therkelson, 38 N. J. Eq. 318; Greer* v. *Van Meter, 54 N. J. Eq. 270; Lengyel* v. *Meyer, 70 N. J. Eq. 501; Fowler* v. *Wick, 74 N. J. Eq. 603; City National Bank* v. *Van Meter, 59 N. J. Eq. 32; affirmed, 61 N. J. Eq. 674*), but rejected as based on prescription or adverse user (*King*

v. *Miller, 8 N. J. Eq. 559; Hayden* v. *Dutcher, 31 N. J. Eq. 217),* and is too deeply imbedded in our jurisprudence to be now disturbed by judicial action. If, as many believe and high judicial authority has asserted (*19 C. J. 903, supra*), the doctrine is ill adapted and repugnant to the institutions of a free and growing country, fettering as it must both the free use and transfer of real property, the remedy must be applied for to the legislative branch of the government.

The conditions upon which the right to such easement in any given case must rest are definitely, and we think with accuracy, stated by Vice-Chancellor Van Fleet, in *Kelly* v. *Dunning, 43 N. J. Eq. 62,* when he laid down these fundamental essentials: "First, a separation of the title; second, that before the separation takes place, the use, which gives rise to the easement, shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained."

Subject to this test we think the complainant below fell short of proving that the easement of light and air in the present case existed. It is unnecessary to again recite in detail the facts which led the learned vice-chancellor to advise dismissal of the bill. It is enough to say that they fail to show that the open windows were intended by the owner as a charge upon the vacant lot to the north, or that they were essential to the enjoyment of the building of which they were a part.

The decree is affirmed.

*For affirmance*—PARKER, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 11.

*For reversal*—None.