**CITY OF GRAHAM et al. v. WHEELESS.**

No. 13274.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 6, 1935.

Rehearing Denied Jan. 10, 1936.

S. A. Penix, City Atty., of Graham, Mc-Farlane & McFarlane, of Graham, for plaintiff in error Marvin McCleskey.

Fred T. Arnold, of Graham, for defendant in error.

DUNKLIN, Chief Justice.

This suit involves the zoning ordinance adopted by the city of Graham, substantially in compliance with the provisions of article 1011a, Rev.Civ.Statutes (Vernon's Ann.Civ. St.), enacted by the 40th Legislature, as shown in the Acts of 1927, chap. 283, p. 424, § 1.

Under the powers conferred by that statute and the city charter, the city council established certain zone districts within its corporate limits, which, for convenience, may be designated as residential and business districts. The ordinance also established certain regulations for the granting of permits for the erection of business buildings and the conduct of certain businesses within the residential districts. By ordinance the city created a board of adjustment with power and authority to hear all appeals from any decision, order, or ordinance relative to the establishment of the zones or the granting of permits to erect business houses within the residential districts and appointed five members on the board of adjustment, namely, C. F. Marshall, Obie Dodd, J. P. McKinley, Lee Repass, and Charles Atkinson, all of whom qualified as such.

Marvin McCleskey owned a lot in the residential zone of the city and adjoining that lot and in the same residential zone is another lot owned and occupied by Mrs. Minnie Wheeless as her home and place of residence. On July 26, 1934, McCleskey filed with the city council his application for a permit to build and erect a gasoline filling station on the property so owned by him. The building and operation of such a filling station in a residential zone is prohibited by the ordinance, subject to the authority of the city council to grant a permit for such use.

On August 30, 1934, McCleskey's application was heard and granted by the city council. Thereupon Mrs. Minnie Wheeless, through her attorney, Mr. Fred T. Arnold, gave notice in open meeting of appeal to the board of adjustment. She filed her appeal with that board and the many alleged grounds for such appeal included that the property upon which the filling station would be erected adjoined her residence; that gasoline, oil, and other combustible materials kept at the filling station would increase her fire hazard and rate of insurance against the same; that the noises and confusion usually incident to the operation of filling stations would be a great annoyance to her in the occupation of her home and at night would disturb her rest, and that McCleskey's application for a permit had been granted without the hearing of any testimony to support it.

The board of adjustment heard the appeal on October 3, 1934, and upon such hearing affirmed the action of the city council in granting the permit to McCleskey to erect the filling station on his lot. Thereafter, Mrs. Wheeless filed with the district court of Young county her application for a writ of certiorari, requiring the clerk of the city of Graham to make out a certified transcript of all the proceedings had in granting the permit to McCleskey, together with the proceedings had before the board of adjustment, to which the appeal had been taken, and to transmit the same to the district court of Young county for trial of the case in that court and for judgment therein denying the application of McCleskey for a permit to erect and equip a filling station on the lot owned by him, and that he be temporarily enjoined from building the same until the cause could be heard on its merits.

Plaintiff's petition included the grounds upon which she relied to support her appeal to the board of adjustment, with further allegations that at a hearing by the board of adjustment on the 3d day of October, 1934, when the board affirmed the action of the city council in granting McCleskey's permit, there were five members of that board present, two of whom voted for sustaining the action of the city council and two for reversing that order, and the fifth member of the board not voting at all. It was alleged that under the terms of the ordinance

it is provided that the concurring vote of four members of the board shall be necessary to sustain the action of the city council in granting said permit to McCleskey. It was further alleged that the board of adjustment failed to listen to the evidence produced on the hearing and that the judgment rendered therein was the abuse of its discretion. There were further allegations that plaintiff had no adequate remedy for the damages she would sustain by reason of the operation of the proposed filling station by McCleskey.

The city and also McCleskey filed answers to the petition, consisting of a general demurrer and numerous special exceptions, a general denial and special answers not necessary to be noted here.

The case was tried before a jury and following are special issues submitted with the jury's findings thereon:

"Special Issue No. 1: Did the city council abuse its discretion in granting the permit in question?

"Answer: Yes.

"Special Issue No. 2: Was the decision of the city council in granting the permit in question warranted by the facts?

"Answer: No.

"Special Issue No. 3: Was the action of the city council in granting the permit in question arbitrary?

"Answer: Yes."

Upon that verdict the court rendered judgment perpetually enjoining the city council from issuing the permit applied for by McCleskey and enjoining him from building the proposed filling station.

From that judgment, the city of Graham and McCleskey have prosecuted this appeal.

All of the provisions of the Act of the 40th Legislature, passed in 1927, are carried forward in the Revised Civil Statutes (Vernon's Ann.Civ.St.) as articles 1011a to 1011j, inclusive. The provisions of article 1011g of the statutes are copied in the zoning ordinance adopted by the city.

And by sections 4 and 5 of the ordinance the operation of a gasoline filling station within a residence district is prohibited unless the board of aldermen shall first grant a permit for the same; with further provisions allowing the presentation to the board of aldermen of an application for such a permit; for a public hearing of evidence for and against the same, with authority in the board of aldermen to grant or refuse the application.

By section 7 of the ordinance it is made a penal offense to violate any of the provisions of the ordinance.

Section 8 of the ordinance reads:

"That in addition to the penal provision in the preceding section, the right is hereby conferred and extended to any property owner, owning property in any district where any property owner's rights may be affected, or invaded by a violation of the terms of this Ordinance, to bring a suit in any court of competent jurisdiction and obtain such remedies as may be available at law or in equity to protect the rights of such property owners."

By section 9 a like remedy is given to any applicant who may be refused such a permit.

It thus appears that final jurisdiction to make the permit granted by the board of aldermen effective was vested in the board of adjustment and none of the allegations of misconduct on the part of the members of the board of adjustment were submitted to the jury or passed upon. It follows, therefore, that the findings of the jury, copied above, supporting the attack made upon the order of the board of aldermen granting the permit in the first instance could furnish no proper basis for the judgment rendered.

Appellee relies upon section 8 of the ordinance, copied above, to support the action brought in the district court, independently of the provisions of the ordinance shown in article 1011g of the Statutes.

As shown by that section of the ordinance, the right therein given to property owners in a residence district to institute a suit in any court of competent jurisdiction and obtain such remedies as may be available, at law or in equity, to protect such property rights is accorded only in the event such rights are invaded by violation of the terms of the ordinance. And a sufficient answer to this contention is that if the permit applied for by McCleskey is granted, then the exercise of the privilege so granted would not be a violation of the ordinance; and, furthermore, according to the plaintiff's petition, he has not yet violated it.

For the reasons stated, the judgment is reversed and the cause remanded without the necessity of determining the merits of

other assignments of error, including the challenge of the findings of the jury for lack of sufficient support in the evidence. But the injunction decreed by the trial court, restraining the city of Graham, its officers, agents, and servants from issuing to defendant Marvin McCleskey the permit applied for by him and noted above, shall remain in effect as a temporary injunction pending the rendition of judgment by the trial court on another trial of the case following the remand of same to that court for such trial. And this judgment will be certified to the court below for observance.