15071

MOMEIER v. JOHN McALISTER, INC., *ET AL.*
(8 S. E. (2d), 737)

October, 1939.

*Messrs. H. L. Erckmann* and *John I. Cosgrove,* for appellants,

*Mr. Augustine T. Smythe,* for respondent,

April 26, 1940.

The opinion of the Court was delivered by MR. JUSTICE STUKES.

There was a former appeal in this action to this Court wherein the opinion is reported in 190 S. C., 529, 3 S. E. (2d), 606, and there is no need to add here to the statement there contained except to the extent necessary to understand the present appeal.

After the aforementioned decision of this Court was filed in the lower Court, defendants moved there to transfer the case to Calendar one for trial of legal issues. This the plaintiff resisted and the presiding Judge made the following order:

"It appears that hitherto his Honor, Judge Thurmond, at that time presiding over the Court of Common Pleas for Charleston County, made an order in which he submitted certain issues of fact in this cause to be tried by a jury in his discretion as Chancellor, and not pursuant to the provisions of the Statute having to do with the framing of issues, and in which he refused a motion by Plaintiff to refer issues to the Master, and in which he continued the cause to the next term of the Court. From this order Plaintiff appealed to the Supreme Court, which has decided that Judge Thurmond had a right to refer issues to a jury as he did, but that in view of his continuance of the cause, his action in so doing is not binding upon any subsequent Judge who would be at liberty to refer the same issues or different issues, or to decline to refer any issues, as he might be minded. The Supreme Court also decided that so much of Judge Thurmond's order as refused Plaintiff's motion to refer is-

sues to the Master is not appealable. The Court, however, expressly declined to consider the proposition contended for by Defendants that 'the case involved both legal and equitable issues, in that, the complaint being based upon an alleged private nuisance it must first be determined by the verdict of a jury at law that such nuisance exists.' The Court concluded that this question was not involved in the motions before Judge Thurmond, or that he in any wise passed upon the same, and hence was not properly before the Supreme Court, and could not be decided upon the appeal. The Court went on to say [190 S. C., 529, 3 S. E. (2d), 611] : 'If the contention of respondents is correct such an issue would be a legal one and would be submitted to a jury as a matter of right, upon a transfer of the case to Calendar I.'

"The motion to transfer the case to Calendar One was argued before me at length by counsel for all parties, and I have carefully considered the question presented. I am not of the opinion that the complaint in this case is based upon an alleged private nuisance or that this is a nuisance case, nor am I of the opinion that Defendants are entitled to have the case submitted to a jury as a matter of right. The motion to transfer the case to Calendar One is therefore refused."

From this order the defendants have appealed upon several exceptions which will not be treated separately but will all be considered and disposed of. They make the interesting and, in this jurisdiction, novel question of whether an action in equity for an injunction, as this is, by a neighboring property owner (allegedly suffering special injury and damage to his property on account of the alleged violation) for the enforcement of a city zoning ordinance is governed by the law applicable to an action for the abatement by injunction of a private nuisance, which law appellants contend requires that the fact of the existence of a nuisance must be established, if denied, by the verdict of a jury before an injunction will issue.

The plaintiff in his complaint alleges that the city council of Charleston heretofore enacted such an ordinance whereby it is provided that funeral homes are not permitted to be operated in the area of the city wherein plaintiff's property, his residence, is located; and that the defendants purchased property adjoining plaintiff's, formerly used as a residence, and are there conducting a funeral home which is alleged to be in violation of the ordinance, has caused plaintiff injury and damage by resulting depreciation in value of his home, etc., and that such damage is special to plaintiff, differing from the damage which may be suffered by the public generally; that plaintiff has applied without result to the city authorities for relief; and that he has no adequate remedy at law for there would have to be successive suits for damages, each including damages only to the date of commencement, occasioning a multiplicity of suits. The prayer is for an injunction. The answer makes issues of fact which will have to be tried. The contention is as to the mode of trial, whether by jury as of issues of fact at law, or whether as ruled by the lower Court in the above-quoted order.

Defendants ably argue that they are entitled under the law of this State to trial by jury of an issue of whether their alleged actions constitute a nuisance whereby plaintiff has suffered damage and strongly rely upon the decision of this Court in *Kennerty v. Etiwan Phosphate Company,* 17 S. C., 411, 43 Am. Rep., 607, which we shall refer to as the *Kennerty case.* Careful reading of this decision shows that it was decided upon an entirely different question than that referred to, and the complaint for injunction was dismissed upon the ground that the plaintiff was estopped to bring the action by the terms of an agreement of settlement of his former suit for damages for the same acts of the defendant which he sought to enjoin. The statement in the opinion that the alleged nuisance and resulting damage to plaintiff, being denied by the answer, would have to be established by the verdict of a jury at law before equity

would act by injunction was rested upon two authorities both of which appear to have related to real property rights.

The Code provides, Section 593: "An issue of law must be tried by the court, *as also cases in chancery* [Italics added] * * * . An issue of fact, in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury * * * ," and Section 594: "Every other issue is triable by the court * * * ."

This action is one in equity for injunction and no issue arises upon the pleadings relative to the title to or possession of real or personal property.

The subsequent decisions of this Court which cite with approval the *Kennerty case* are at least for the most part cases which involved property rights, notably trespass cases and those in which the alleged nuisance is the obstruction of a road, or which principally sought money damages with injunctive relief incidental. These cases come within the Code provisions requiring jury trial of such issues and are not dependent upon the *Kennerty case*.

It is cited by Ruling Case Law, Volume 20, page 473, in the discussion of the jurisdiction of equity to enjoin a private nuisance for the statement that "at one time it was supposed that before a court of equity could act the plaintiff must have established the existence of the nuisance in an action at law." Continuing it is said at page 474: "But modern practice seems to permit the issuance of an injunction without any determination on the law side of the Court."

The latter statement is illustrated by our case of *Sloan et al. v. Burnett et al.,* 149 S. C., 12, 146 S. E., 601, 602, which was for an injunction for the obstruction of a road. The defendants demanded, as here, and by coincidence of the same learned Circuit Judge, jury trial of what were claimed to be legal issues. He summed up his order, which was affirmed on appeal to this Court, in the following language: "As I see it, the cause of action is not one for the recovery of money only; it is not one in which title to real

estate is involved, but one sounding in equity, in which the issues will have to be tried by the court, unless upon further hearing, it should be determined that issues be framed and sent to a jury."

But we are not of the opinion that the law of private nuisance is applicable to the facts alleged in the complaint in this action. If so, why a zoning ordinance? If the allegations of the complaint are true the defendants are defying the ordinance, the validity of which is not in question here, and saying in effect to the specially damaged plaintiff "you have no remedy unless you can prove our actions to be a common law nuisance."

Counsel agree that the question is of first impression in this Court but turning to other jurisdictions we find decisions which hold that similar actions there are not in the nature of private nuisance cases and that the violation of a valid zoning ordinance gives rise to one who has been, or will be, specially damaged by such violation, a cause of action in equity for an injunction against such violation, which cause we think should be tried as an ordinary suit in equity, as appears to have been the original conception of defendants when they moved the Court to frame issues of fact for trial by jury pursuant to Section 593 of the Code.

The following is quoted from an Ohio case, *Pritz v. Messer,* decided in 1925 and reported in 112 Ohio St., 628, 149 N. E., 30, 32:

"The defendants  *  *  *  challenge the plaintiff's capacity to bring this action.  *  *  *  We have here an application for injunction under a zoning ordinance which zones the entire city for the benefit of the community. The benefit to be derived from the observance of these zoning regulations accrues, not only to the municipality, but to the abutting property owner. The plaintiff, therefore, as to her capacity to bring this suit, is in a position analogous to that of one for whose benefit a contract had been made by another party. Having a substantial interest in the enforce-

ment of the zoning restrictions, she is a proper party to enforce their observance by a suit for injunction.

"A case directly in point from a court of last resort is that of *Holzbauer et al. v. Ritter et al.,* 184 Wis., 35, 198 N. W., 852. In this case it was contended that an action for injunction could not be brought by adjacent property owners upon the ground that the zoning ordinance provided its own penalty for its violation. The Supreme Court of Wisconsin, however, held in the first paragraph of the syllabus: 'Where erection of a store building in violation of a zoning ordinance might cause special damage to property of plaintiffs not suffered by general public, they could sue to enjoin such erection in order to prevent irreparable injury.'

"The contention of the defendants * * * to the plaintiff's capacity to bring the action is therefore overruled."

From the decision in the Wisconsin case relied upon by the Ohio Court we also quote the following (184 Wis., 35, 198 N. W., 853):

"Does it necessarily follow that a property owner who will suffer irreparable injury by the violation of an ordinance cannot have equitable relief. This question has frequently arisen in other states, and by the weight of authority it is held that he might have such relief. There may be situations in which very great injury would be produced, and where it would be no practical remedy if actions for penalties were brought by the proper authorities, and other situations where the injured party would seek in vain to have such action instituted.

"On the facts alleged in this complaint, it is plain that if the defendants, Loughlin and Ritter, are allowed to proceed in the erection of the store building it might cause special damage to the plaintiffs. Under such circumstances a plaintiff's cause of action does not depend on any right to enforce an ordinance of the city but on his right to prevent irreparable injury to his property when the injury threatened is special and different from that of the general public.

"Similar questions have frequently arisen in other states, and it has generally been held that property rights may be protected by injunction when, in violation of ordinances, those rights are threatened to be invaded, and that it is not necessary in such cases to show that the act violating the ordinance is a nuisance *per se. Griswold v. Brega,* 160 Ill., 490, 43 N. E., 864, 52 Am. St. Rep., 350; *First N. Bank v. Sarlls,* 129 Ind., 201, 28 N. E., 434, 13 L. R. A., 481, 28 Am. St. Rep., 185; *Kaufman v. Stein,* 138 Ind., 49, 37 N. E., 333, 46 Am. St. Rep., 368; *Caskey v. Edwards,* 128 Mo. App., 237, 107 S. W., 37; *Houlton v. Titcomb,* 102 Me., 272, 66 A., 733, 10 L. R. A. (N. S.), 580, 120 Am. St. Rep., 492; *Bangs v. Dworak,* 75 Neb., 714, 106 N. W., 780, 5 L. R. A. (N. S.), 493, 13 Ann. Cas., 202."

We think that the cited decisions are based upon reason and justice and we follow them to the extent that they are applicable to this case. Our conclusion is not in conflict, but in conformity with the principle announced in *Steam Boat Company v. South Carolina Railroad Company,* 30 S. C., 539, 9 S. E., 650, 4 L. R. A., 209, 14 Am. St. Rep., 923, cited by appellants.

As indicated, we are of the opinion that the lower Court committed no error in the order appealed from, the exceptions thereto are overruled and it is affirmed. The appeal and this decision thereof do not touch the merits of the case and this Court is not to be understood as having in any manner expressed itself upon the latter.

Mr. Chief Justice Bonham, Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice Wm. H. Grimball concur.