Plaintiffs filed a bill of complaint alleging that they were the owners of lands adjacent to that of defendant, in the Borough of Fairview, Bergen County, New Jersey; that defendant was erecting a building upon his land which did not comply with certain provisions of an ordinance of the Borough of Fairview, with respect to providing for a rear yard and for a side yard.
Hearing was had and the matter was submitted for determination.
The bill prays that defendant "be restrained and enjoined from using said lands contrary to the zoning ordinances of the Borough of Fairview"; and that defendant "be enjoined and restrained from erecting any building or structure contrary to the Zoning Ordinance of the Borough of Fairview as is set forth in such ordinance and that it be decreed that the defendant, Giacomo Cigolini, make his building conform to the requirements of the aforesaid zoning ordinance."
It has been held that "a court of equity will not enforce municipal ordinances by injunction, unless the act sought to be restrained is a nuisance." Srager v. Mintz, 109 N.J. Eq. 544,158 A. 471 (E. A. 1932). In the instant case the only relief sought is enforcement of the municipal ordinance, and it comes squarely within the ruling of the court of last resort in the cited case.
It is not prayed for in the bill, but the plaintiffs' brief urges that plaintiffs as adjoining property owners, who suffer interference with their light and air, may enjoin the violation of the ordinance. As stated above, the bill does not seek such relief, but, assuming that it did, the proofs fail to establish that plaintiffs' right will be invaded. The proof is that defendant's building sets back from the lines of plaintiffs' several buildings, and it does not appear that irreparable damage to plaintiffs' properties will result. Nor is there any proof of an easement of light and air. Engel v. Siderides,112 N.J. Eq. 431, 164 A. 397 (E. A. 1932); Blumberg v. Weiss (E. A. 1940), 129 N.J. Eq. 34, 17 A.2d 823 (E. A.
1940).
The bill of complaint will be dismissed with costs. *Page 486