Lulu May Cameron SAMS, a Widow, et al., Appellants,

v.

Rosalie DEMA, Appellee.

No. 13225.

Court of Civil Appeals of Texas.

Houston.

Sept. 11, 1958.

Rehearing Denied Oct. 2, 1958.

Fuhrhop & Brady, James C. Brady, Galveston, for appellants.

Barker, Barker & Simpson, Robert G. Coltzer, Galveston, for appellee.

WERLEIN, Justice.

Appellants, Lulu May Cameron Sams, a widow, et al., owners of certain improved residential lots in the neighborhood of property known as 1202 Church Street, or Avenue F, owned by appellee, Rosalie Dema, in the City of Galveston, filed this suit to enjoin appellee from making structural alterations and changes in the building on her property preparatory to using such property for a grocery store, alleged-ly in violation of a comprehensive zoning ordinance adopted by the City of Galveston on August 5, 1937. The lots of appellants and the property of appellee are within a residential district, as defined by said zoning ordinance. The hearing before the court without a jury was to determine whether or not a permanent injunction should be granted. Appellee agreed to do no more work on the building until such hearing was had. The court entered judgment that plaintiffs' take nothing by their suit. Appellants have duly perfected their appeal to this Court.

Appellants' petition sets out briefly a part of the zoning ordinance in question, the violation thereof by appellee, the injury that allegedly will result to appellants' property, and the inadequacy of any legal remedy. Appellee answered by alleging that on November 28, 1956, she secured a building permit from the building inspector of the City of Galveston, pursuant to and in compliance with the provisions of the City ordinance applicable to the continuance of a nonconforming use. Appellee specially pleaded that on November 8, 1956, appellants filed with the Board of Commissioners of the City of Galveston a petition asking the Board of Commissioners to instruct the building inspector of the City of Galveston to deny the issuance of a building permitting appellee to make certain repairs, alterations and improvements on her property for the operation of a neighborhood grocery store and meat market. It was further alleged that the building inspector investigated the property and on November 22, 1956, made a report to the Board of Commissioners, sitting as a Board of Adjustment, and that after considering the matters presented, said Board refused the petitioners the relief demanded and directed the building inspector to issue said building permit to appellee.

There was evidence to the effect that appellee's property was being used as a grocery store at the time the zoning ordinance was adopted on August 5, 1937, and the court so found. Thereafter, about the

year 1944, the equipment and fixtures used in such grocery store were removed, and the property in question was used for residential purposes until about the time of the filing of the instant suit, when the owner began making alterations preparatory to using the property as a grocery store. The minutes of the Board of Commissioners of the City of Galveston covering the meeting of November 8, 1956, and the meeting of November 22, 1956, Plaintiffs' Exhibits Nos. 1 and 2, indicate that the Board of Commissioners concluded that they could not pass upon the question of whether the nonconforming use of the property in question had been abandoned, and that it would be necessary for appellants to take the matter into court to determine such issue. The only final action taken by the Board of Commissioners was to instruct the City building inspector to issue a building permit authorizing the altering of the building at 1202 Church Street so that it could be used as a grocery store.

Appellants take the position that since there was no regularly constituted Board of Adjustment to which they could appeal, they had no adequate legal remedy and that, therefore, it was proper for them to file the present suit seeking to enjoin the appellee from altering the property and using it for a purpose in violation of the zoning ordinance. Appellee, on the other hand, asserts that the Board of Commissioners itself was acting as a de facto Board of Adjustment and that appellants, since they were not satisfied with the action of the Board of Commissioners authorizing the granting of the permit, should have presented to a court of record within ten days after the Board's action a petition, duly verified, setting forth that the decision of the Board of Commissioners was illegal in whole or in part, specifying the grounds of illegality, and asking that the Court allow a writ of certiorari to review the decision of the Commissioners in accordance with Article 1011g, Vernon's Annotated Texas Civil Statutes. Appellee further contends that if the Board of Commissioners was not acting as a de facto Board of Adjustment, appellants nevertheless had an adequate legal remedy in that they could have mandamused the City of Galveston to establish a Board of Adjustment to which they might have appealed from the action of the City building inspector in granting the permit.

Appellee's counsel state in their brief that the City of Galveston now has a duly constituted Board of Adjustment, and they request us to take judicial notice thereof. The law is well settled that judicial notice cannot be taken of municipal ordinances. City of Austin v. Walton, 68 Tex. 507, 5 S.W. 70; 30-A Tex.Jur., p. 323, Sec. 327.

Appellants' three Points of Error, which will be considered together, are to the effect that the trial court erred in concluding and rendering judgment that it was necessary for appellants to appeal from the decision of the building inspector to a nonexistent Board of Adjustment, and hence by certiorari proceedings to the District Court, and in concluding and rendering judgment that appellants had not exhausted their remedies at law prerequisite to relief in equity, and that they had an adequate remedy at law in mandamus to compel the establishment of a Board of Adjustment to which they might appeal and thereafter invoke certiorari to review the action of such Board of Adjustment.

We do not agree with appellee that the Board of Commissioners of the City of Galveston was sitting as a de facto Board of Adjustment at the time that it authorized the City building inspector to issue the permit to appellee. From the discussions of the Commissioners, as shown by the minutes of the meeting of the Board, it appears quite evident that the Commissioners did not feel that they were qualified to pass upon the issue of abandonment of the nonconforming use, or to take any other action other than the granting of the permit in question. Moreover, as evidenced by the Findings of Fact of the court, the parties

stipulated that there was no duly appointed Board of Adjustment in the City of Galveston, and that the Board of City Commissioners was not intending to act as the Board of Adjustment called for in the Code of the City of Galveston, and the court so found. We have concluded that there was ample evidence which warranted the court in finding that the Board of Commissioners was not acting as a Board of Adjustment at the time of the hearings held on November 8th and 22nd, 1956.

The question that remains for the determination of this Court is whether the appellants had the right to maintain the injunction suit in question in view of the fact that there was no Board of Adjustment existing at the time, or whether they should have mandamused the City of Galveston to establish a Board of Adjustment to which they might appeal and proceed under the provisions of Article 1011g, V.A.T.S.

Article 1011g provides that the local legislative body may provide for the appointment of a board of adjustment. Appellants and appellee have conceded that the zoning ordinance enacted under such enabling act provides: "There shall be a board of adjustment, consisting of five members appointed by the Mayor-President and confirmed by the Board of Commissioners." We are of the opinion that the trial judge was warranted under the evidence in concluding that appellants were not entitled to equitable relief because they had not exhausted their legal remedies in that they could have compelled by mandamus the Mayor and the Board of Commissioners to perform the ministerial duty of establishing a Board of Adjustment to which they might have appealed from the action of the building inspector in granting the permit to appellee.

The law in other states furnishes little light upon the subject. There are cases holding that if the city fails or refuses to take any steps to prevent the violation of a zoning ordinance, interested property owners whose property would be injuriously affected by the violation thereof may enjoin the same, and especially so when such violation constitutes a private nuisance. See Momeier v. John McAlister, Inc., 193 S.C. 422, 8 S.E.2d 737, 129 A.L.R. 880 and annotations thereunder.

Some cases hold that property owners are not entitled to maintain a suit for injunctive relief against the violation of zoning ordinances. In Mullholland v. State Racing Commission, 295 Mass. 286, 3 N.E.2d 773, 775, the court stated:

"In general, individuals have no standing in equity to restrain another from activities on his land which result in violation of zoning regulations. The remedies open to those aggrieved by conduct of that nature are such as may be provided by statute, or, if there is no such provision, by requesting the appropriate public officer to institute proceedings, or, in some instances, by mandamus * * * An individual commonly has no property right to obedience by his neighbors to statutes or ordinances."

See also Keenly v. McCarty, 1930, 137 Misc. 524, 244 N.Y.S. 63, in which it was stated that complaining owners of property had at least two remedies, namely, by proceeding by information against the defendant for violation since under the ordinance the violator might be fined, or by making application for a mandamus directing the proper authorities to enforce the ordinance (after a demand for its enforcement). It was stated that the proceeding by mandamus gave the City opportunity to be heard, which would not be the case if every individual in a zone should have the right to invoke the equitable powers of the court. See also Srager v. Mintz, 109 N.J.Eq. 544, 158 A. 471, in which it was observed that injunctive relief will not be granted to enforce a city ordinance unless the act sought to be restrained is a nuisance.

The cases relied upon by appellants are distinguishable from the instant case. In

City of Graham v. Wheeless, Tex.Civ.App., 89 S.W.2d 792, the zoning ordinance made it a penal offense to violate any provision thereof, and it also gave property owners the right to bring a suit in law or equity to protect their rights. In the present case the entire zoning ordinance was not introduced and there is no pleading or proof that it contained any such provision. Moreover, in the Wheeless case the appeal from the Board of Adjustment was by certiorari under Article 1011g, V.A.T.S.

The case of Caven v. Coleman, 100 Tex. 467, 101 S.W. 199, does not involve a zoning ordinance. The suit was brought to compel the Mayor and aldermen of the City of Marshall to create an "examining and supervising board of plumbers as provided by the Act of August 20, 1897 (Laws 25th Leg., p. 236). The respondents answered that they did not have to create such board because the statute in question required that the board consist in part of the city engineer and a member of the health board and there was not and never had been in Marshall a city engineer or board of health and the creation of such offices was entirely discretionary with the City. The Supreme Court in effect so held.

In the case of City of Amarillo v. Stapf, Tex.Com.App., 129 Tex. 81, 101 S.W.2d 229, 233, no effort was made to restrain a violation of the zoning ordinance, but rather to question the validity of the zoning ordinance in so far as it classified foundries in the second manufacturing district and prohibited the construction and operation of a foundry at 1210 Johnson Street. The court stated:

"The question of whether or not an ordinance prohibiting the construction of a particular kind of building, or preventing a particular kind of use, at a particular location, is unreasonable, arbitrary, or discriminatory, is a question peculiarly within the province of the courts."

With respect to the local legislative body providing for a Board of Adjustment and giving it the right in appropriate cases and subject to appropriate conditions and safeguards, to make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained, and authorizing an appeal in specific cases as provided in the statute, the court stated:

"In the exercise of these powers, it is obvious that the Legislature has undertaken to prescribe an exclusive method of appeal from the action of the Board of Adjustment; this method being by certiorari."

The case of Terry v. City of Dallas, Tex.Civ.App., 175 S.W.2d 97, cited by appellants, throws no additional light upon the problem. In that case the suit was brought by the City and not a property owner, and the trial court's judgment granting a temporary injunction was reversed on grounds not involved in the present suit.

■ Appellants base their cause solely upon the zoning ordinance and they must bring their case within its framework. As far as the record discloses there is no provision in the ordinance authorizing appellants to enforce the same by injunction. There is nothing in the record to show that the Commissioners were requested and refused to create a Board of Adjustment. The record does not disclose, nor can this Court determine, whether the ordinance in question might permit under the circumstances of this case the nonconforming use as an exception although such use had been abandoned previously. The trial court found as a fact that the City of Galveston provided in its zoning ordinance the municipal machinery for the administration and enforcement of said ordinance and concluded as a matter of law that under the enabling statute, Art. 1011g, V.A.T.S., and said ordinance, questions regarding zoning and the issue as to the existence or nonexistence of a nonconform-

ing use of the property in question were to be resolved by an appeal to the Board of Adjustment provided for by said statute and ordinance from the decision of the building inspector, and thence by certiorari proceedings filed in the district court. We are of the opinion that the trial court did not err in so holding. Washington v. City of Dallas, Tex.Civ.App., 159 S.W.2d 579; City of Dallas v. Halbert, Tex.Civ.App., 246 S.W.2d 686; Rosenthal v. City of Dallas, Tex.Civ.App., 211 S.W.2d 279 (writ ref. n. r. e.).

We are also of the opinion that the court correctly concluded that appellants had an adequate remedy at law in that the Commissioners of the City of Galveston could have been mandamused to perform the ministerial duty of establishing a Board of Adjustment to which appellants might appeal from the action of the building inspector in granting the permit to appellee. Glass v. Smith, 150 Tex. 632, 244 S.W.2d 645; Murphy v. Mittelstadt, Tex.Civ.App., 195 S.W.2d 165, affirmed 145 Tex. 451, 199 S.W.2d 478.

See also Leone v. Brewer, 1932, 259 N.Y. 386, 182 N.E. 57, 58, in which a property owner desired to construct a building in such a manner as would violate the city zoning ordinance, which provided for variances in cases of unusual hardship. The Board of Appeals, which, with the City council, was to pass upon variances, was not in existence because the council had failed to appoint members to the same. The court held:

"Such authority is reserved in the set-back ordinance before us, but at present it cannot be exercised because of the non-existence of the board of appeals provided for by town law. The appointment of the board may be compelled by mandamus. * * *

"The court may not assume the functions of the board and exercise an administrative nonjudicial function in making an exception to the ordinance. 'In the first instance, the offi-

cial body intrusted with that function must determine in such case the propriety and the extent of the variation.' "

We are of the opinion that there is no reversible error in the judgment of the trial court. The judgment, however, as entered, might possibly be construed to deny appellants relief under Article 1011g, V.A.T.S. and the zoning ordinance in question. The second paragraph thereof is reformed to read:

"It is accordingly Ordered, Adjudged and Decreed that plaintiffs' cause of action be dismissed and that the defendant recover her costs."

The judgment, as reformed, is affirmed.