178 N.J. Super. 292 (1980)
428 A.2d 956
CARL SLOTOROFF, J. GEORGE SLOTOROFF, HERMAN A. SLOTOROFF AND JULIA KRANTZ, PLAINTIFFS,
v.
NASSAU ASSOCIATES, A PARTNERSHIP, AND LA ROSA CONSTRUCTION COMPANY, INC., A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Atlantic County.
Decided September 11, 1980.
*293 Bertram M. Saxe for plaintiffs.
Steven P. Perskie, for defendants (Perskie & Perskie, P.A., attorneys).
HAINES, J.S.C.
Plaintiffs own a clothing store located on Atlantic Avenue in Atlantic City, New Jersey. Their building is three stories in height. Defendant Nassau Associates owns an adjoining building nine stories in height, now being renovated. The two buildings, both of which are 60 or more years of age, were constructed so as to occupy the total width of their respective lots, and the building walls situate on the common boundary line are touching. Defendant, in order to accomplish its renovations, which include resurfacing the exterior walls, has hung a scaffold from the top of its building over plaintiffs' property. The scaffold is raised and lowered by a pulley as the work requires. During this process it has come within six inches of plaintiffs' roof. Plaintiffs, claiming trespass upon their property, consisting *294 of ownership in fee simple of the space above their building or their easement of light and air, seek to enjoin the use of the scaffold. Defendant denies the existence of the property rights claimed by plaintiffs and asserts rights resulting from a claim that the walls of the two buildings at the common boundary line constitute a party wall.
Defendant has failed to prove the existence of the party wall and the defenses based upon that concept may not be considered. This opinion addresses plaintiffs' claims of property.
The ancient rule of common law, giving a landowner exclusive rights in the column of air above his head, was based upon a maxim of Roman law, cujus est solum ejus usque ad coelum. The old rule and its modern application are discussed in 6A American Law of Property, § 28.4 at 15-16 (1954):
... If the usque ad coelum maxim ever gave or was intended to give possessory rights above the space of actual or potential user, it clearly has no such effect today. Although the surface occupant is variously described as possessing usufructuary rights in the airspace, possessory rights in the zone of actual user, or possessory rights in the entire air column, subject to certain usufructuary rights of others, he is generally limited to a recovery of such losses as result from interferences with his enjoyment of the land or his present or potential use of the airspace. [at 16]
Plaintiffs have not shown any express grant of property rights in the air space. Their claims are therefore limited to rights acquired by adverse use, implication or necessity. In England, at common law, an easement for light and air could be acquired by adverse user. That doctrine has never been a part of the law of this State. Hayden v. Dutcher, 31 N.J. Eq. 217, 222-23 (Ch. 1879). However, we recognize easements of light and air created by implication or necessity. Proof of that creation requires the following:
... [F]irst, a separation of the title; second, that before the separation takes place, the use, which gives rise to the easement, shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained. [Kelly v. Dunning, 39 N.J. Eq. 482 (Ch. 1885), rev'd 43 N.J. Eq. 62 (Ch. 1887), mod. and aff'd 46 N.J. Eq. 605 (E. & A. 1890), aff'd 47 N.J. Eq. 324 (E. & A. 1890); Engel v. Siderides, 112 N.J. Eq. 431, 433 (E. & A. 1933)]
*295 In Blumberg v. Weiss, 126 N.J. Eq. 616 (Ch. 1940), rev'd 129 N.J. Eq. 34 (E. & A. 1941), the same court, while refusing to repudiate the rule laid down in Engel, since it believed that rule could be changed only by the Legislature, provided reasons why the rule should be construed strictly:
... Such easements by implication are a development of the common law when land was sparsely settled, and community life comparatively simple; and it is now obsolete since not adapted to modern conditions in this country. It has its true foundation not upon reasons of sound public policy, but rather upon the mutual assent of the parties to the grant. Under such general policy, urban communities would be greatly hindered in their physical development. Land in the centers of population could not be put to its most effective use, and the public interest would by thereby plainly disadvantaged. Comprehensive planning and zoning are now the means by which the common need in this behalf is served. [129 N.J. Eq. at 39-40]
Here, no proof has been presented to show any common ownership of the two properties followed by a separation of title; there has been no use of the air space by plaintiffs, and the easement is not shown to be necessary to the beneficial enjoyment of their property. In short, none of the criteria for an easement by implication or necessity laid down in Engel has been met. Consequently, defendant's temporary use of the air space for the purpose of resurfacing its neighboring wall is not a trespass and not subject to restraints.
This determination does not authorize any actual trespasses. Defendant may not interfere with plaintiffs' present enjoyment of the property or the potential use of the air space above it. The dropping of tools or materials, the falling of the scaffold and any other actual interferences with the actual use of the property are trespasses which may be the subject of damage claims and injunctive relief. Furthermore, defendant may not interfere with the potential use of plaintiffs' property by resurfacing its wall so that it permanently invades the air space above plaintiffs' building.
The application for a restraining order is denied.